******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* PIOTR BUDZISZEWSKI
(AC 35374)

DiPentima, C. J., and Bear and Peters, Js.*

*Argued March 10—officially released June 24, 2014*

(Appeal from Superior Court, judicial district of New Haven, geographical area number seven, Scarpellino, J.)

*Martin M. Rizzi*, for the appellant (defendant).

*Mitchell S. Brody*, senior assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *James Turcotte*, supervisory assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Piotr Budziszewski,[1] appeals from the judgment of the trial court denying his motion to vacate the judgment of conviction and withdraw his plea of guilty and his motion to reargue. The defendant claims that the court failed to comply with the requirements of General Statutes § 54-1j in its plea canvass of the defendant.[2] We affirm the judgment of the trial court.

The following facts and procedural history are relevant to this appeal. The defendant is a native of Poland who, after a drug exchange with an undercover police officer, was charged with possession of narcotics with the intent to sell under General Statutes § 21a-277 (a). The defendant entered a plea of guilty. During the plea hearing, the court canvassed the defendant and found that there was a factual basis for the plea and that the defendant knowingly, intelligently and voluntarily had made the plea with the assistance of competent counsel. The plea was accepted, and immediately thereafter, as the court was beginning to set a date for a sentencing hearing, the prosecutor interjected, "Your Honor, there may be some immigration issues. . . ." The court, noting that it had planned to address that topic, proceeded to advise the defendant of the possible immigration consequences stemming from his guilty plea, and afterward, asked if he understood these possible consequences. The defendant said, "Yes." Defense counsel[3] then intervened, and pressed, "Yes, you could have issues. And we have—just for the record and pursuant to recent federal cases, we have discussed that in detail." The court then advised the defendant again of the possible immigration consequences resulting from a guilty plea, and for the second time, asked if he understood. The defendant answered, "Yes." Finally, referring to the guilty plea, the court asked the defendant, "You still want to go forward with that then?" The defendant replied, "Yes." The court accepted the plea and the hearing ended.

Thereafter, some months after he was sentenced, the defendant filed a motion to vacate the judgment and withdraw his guilty plea pursuant to § 54-1j.[4] He made two challenges. He first argued that the court improperly accepted his plea *before* advising him of possible immigration consequences, and second, that he did not fully understand the advisement due to his limited facility with the English language and the absence of a Polish speaking interpreter. The court held a hearing on the motion. With respect to the defendant's first argument, the court concluded that it had complied substantially with the requirements of § 54-1j. As to the second argument, the court concluded that the defendant had understood the advisement. Accordingly, the court denied the defendant's motion to vacate the judgment and withdraw his guilty plea. Thereafter, the defendant

moved to reargue that motion, which the court also denied. This appeal followed. Additional facts will be set forth as necessary.

We begin with our standard of review. "[A guilty] plea, once accepted, may be withdrawn only with the permission of the court. . . . Section 54-1j (c) permits the defendant, not later than three years after the acceptance of his guilty plea, to move to withdraw his plea if he can show that the court failed to comply with the requirements of § 54-1j (a). The burden is always on the defendant to show a plausible reason for the withdrawal of a plea of guilty. . . . Whether such proof is made is a question for the court in its sound discretion, and a denial of permission to withdraw is reversible only if that discretion has been abused." (Citation omitted; footnote omitted; internal quotation marks omitted.) *State* v. *Hall*, 303 Conn. 527, 532–33, 35 A.3d 237 (2012).

I

The defendant's first claim is that the court abused its discretion in denying his motion to vacate the judgment and withdraw his plea of guilty because, contrary to the requirements of § 54-1j, it accepted his plea before personally advising him of its possible immigration consequences. We disagree.

After careful consideration of the record, we conclude that the court did indeed advise the defendant pursuant to § 54-1j of possible immigration consequences *before* accepting his plea. It is true that the court accepted the plea, at first, without advising the defendant of its possible immigration consequences. Immediately following its acceptance, however, the court addressed the defendant personally and advised him of the possible immigration consequences. The court then gave the defendant an opportunity to withdraw his guilty plea, asking, "You still want to go forward with that then?" The defendant assented. That conversation afforded the defendant the opportunity to reconsider his guilty plea after being adequately warned of its possible immigration consequences. We therefore conclude that the court substantially complied with the requirements of § 54-1j. See *State* v. *Malcolm*, 257 Conn. 653, 662, 778 A.2d 134 (2001) ("only substantial compliance with the statute is required to validate a defendant's guilty plea"). Accordingly, the court did not abuse its discretion in denying the defendant's motion to vacate the judgment and withdraw his plea.

II

The defendant's second claim is that the court abused its discretion in denying his motion to vacate the judgment and withdraw his plea of guilty because, contrary to the requirements of § 54-1j, it failed to consider "important, relevant and unchallenged evidence" demonstrating that he lacked an understanding of the immigration consequences of his plea. We are not persuaded.

The following additional facts are pertinent to this claim. During the hearing on the defendant's motion, the court admitted into evidence: an affidavit from the defendant, in both English and Polish; a letter from Attorney Klein; a fax from the defendant's immigration attorney; and selected portions of the Immigration and Nationality Act regarding the deportation of aliens. The court also admitted into evidence a transcript from the plea hearing.

On appeal, the defendant argues that the court abused its discretion because it did not consider the evidence he submitted during the hearing, specifically his affidavit. The record belies the defendant's claim. Although the court primarily relied on a transcript from the plea hearing to support its finding that the defendant understood the possible immigration consequences of his plea, it stated expressly, on two occasions, that it considered the defendant's evidence. On one occasion, Attorney Rizzi asked the court directly if it was basing its findings on the transcript from the plea hearing and "on the offer of proof that we provided?" The court answered, unequivocally, "Yes." On another occasion, Attorney Rizzi asked the court if it was considering the defendant's affidavit, to which the court replied affirmatively. On the basis of our review of the record, we cannot conclude that the court abused its discretion.

The judgment is affirmed.

* The listing of judges reflects their seniority status on this court as of the date of oral argument.

[1] We note that throughout the court file, the defendant's name has been spelled as both "Budziszekski" and "Budziszewski." We use the latter spelling of the defendant's name as it appears in his signed affidavit, the trial transcripts, and his brief.

[2] The defendant also claims that the court abused its discretion in denying his motion to reargue the denial of his motion to vacate the judgment and withdraw his plea of guilty. We disagree. In support of his claim, the defendant points to the same evidence, substantively, that we conclude in part II of this opinion properly to have been considered by the court. As we have stated previously, a motion to reargue cannot be used to have a second bite of the apple. See, e.g., *Gibbs* v. *Spinner*, 103 Conn. App. 502, 507, 930 A.2d 53 (2007). Accordingly, we conclude that the court exercised proper discretion in denying the defendant's motion to reargue because the defendant offered no additional, relevant evidence for the court to consider. We note that the defendant conceded during oral argument before this court that the necessity of his actual presence was not the basis for his motion to reargue.

[3] During his plea hearing, the defendant was represented by Attorney Gerald Klein. In later proceedings, the defendant was represented by Attorney Martin Rizzi.

[4] General Statutes § 54-1j provides in relevant part: "(a) The court shall not accept a plea of guilty or nolo contendere from any defendant in any criminal proceeding unless the court first addresses the defendant personally and determines that the defendant fully understands that if the defendant is not a citizen of the United States, conviction of the offense for which the defendant has been charged may have the consequences of deportation or removal from the United States, exclusion from readmission to the United States or denial of naturalization, pursuant to the laws of the United States. If the defendant has not discussed these possible consequences with the defendant's attorney, the court shall permit the defendant to do so prior to accepting the defendant's plea.

* * *

"(c) If the court fails to address the defendant personally and determine

that the defendant fully understands the possible consequences of the defendant's plea, as required in subsection (a) of this section, and the defendant not later than three years after the acceptance of the plea shows that the defendant's plea and conviction may have one of the enumerated consequences, the court, on the defendant's motion, shall vacate the judgment, and permit the defendant to withdraw the plea of guilty or nolo contendere, and enter a plea of not guilty."

———————————————