******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

AMERICAN TAX FUNDING, LLC *v.* WILLIAM T.
GORE, JR., ET AL.
(AC 41541)

Lavine, Bright and Flynn, Js.

*Syllabus*

The substitute plaintiff, T Co., sought to foreclose municipal tax liens on
certain real property owned by the defendant G. Following G's failure
to pay his property taxes for a number of years, the town of Stratford
imposed liens on his property and recorded them on the town land
records. Thereafter, the tax liens were assigned to A Co., which recorded
the assignment on the land records. After A Co. had commenced this
action, it assigned the tax liens to T Co., which was substituted as the
plaintiff. The trial court rendered judgment of strict foreclosure and,
thereafter, denied G's motion to open the judgment and extend the law
days, and G appealed to this court, claiming that, because he had equity
in the property the judgment had been improper when it was rendered.
*Held* that the trial court did not abuse its discretion in denying G's
motion to open the judgment of strict foreclosure, as the trial court had
considered arguments similar to those that he raised in his motion to
open before it rendered judgment, but he failed to provide the requested
documentation to the court; moreover, G failed to allege that he was
prevented by mistake, accident or other reasonable cause from raising
his claims at the hearing held before the trial court rendered judgment
and failed to appeal from the judgment of strict foreclosure.

(*One judge dissenting*)

Argued November 20, 2019—officially released May 5, 2020

*Procedural History*

Action to foreclose municipal tax liens on certain
real property owned by the named defendant, and for
other relief, brought to the Superior Court in the judicial
district of Fairfield, where the court, *Hartmere, J.*,
granted the plaintiff's motion for summary judgment as
to liability; thereafter, the court granted the motion to
substitute ATFH Real Property, LLC, as the plaintiff;
subsequently, the court, *Truglia, J.*, rendered judgment
of strict foreclosure; thereafter, the court, *Hon. William
B. Rush*, judge trial referee, denied the named defen-
dant's motion to open the judgment and extend the
law days, and the named defendant appealed to this
court. *Affirmed.*

*William T. Gore, Jr.*, self-represented, the appellant
(named defendant).

*Opinion*

BRIGHT, J. In this municipal tax foreclosure case, the defendant William T. Gore, Jr.,[1] appeals from the judgment of the trial court denying his motion to open the judgment of strict foreclosure rendered in favor of the substitute plaintiff, ATFH Real Property, LLC.[2] On appeal, the defendant claims that the court abused its discretion in denying his motion to open the judgment because he had equity in the home and, therefore, the judgment of strict foreclosure had been improper when it was rendered. We affirm the judgment of the trial court.

The following facts, revealed by the record, and relevant procedural history inform our review of the defendant's claim. On August 13, 2010, the plaintiff commenced, by service of process, a foreclosure case against the defendant, seeking to foreclose on property located at 15 Grove Street in Stratford (property) on the basis of the defendant's alleged failure to pay property taxes on the property beginning on October 1, 2006. The complaint alleged that the town of Stratford had filed certificates of lien on the land records, that it subsequently assigned its certificates of lien to the plaintiff, that the plaintiff had filed its assignment on the land records, and that the plaintiff had recorded a notice of lis pendens, a copy of which was attached to the complaint.

On November 2, 2010, the court granted the plaintiff's motion for summary judgment as to liability. On February 22, 2011, the plaintiff filed a motion for a judgment of strict foreclosure, to which the defendant objected, specifically on the ground that the plaintiff allegedly "failed to honor a previously made payment agreement by refusing to accept the agreed down payment." The court granted the motion for judgment of strict foreclosure on March 14, 2011. Following various motions and bankruptcy stays over the years, the court, *Truglia, J.*, on November 20, 2017, rendered a judgment of strict foreclosure, with law days commencing on March 20, 2018.[3] No appeal was taken from that judgment.

On March 14, 2018, the defendant, acting as a self-represented party, filed a motion to open the judgment and extend the law days. In his accompanying memorandum, the defendant stated that his motion was filed pursuant to General Statutes § 52-212, and he contended that there were significant discrepancies in the amount he owed to the defendant. The court held a hearing on March 20, 2018, at which the defendant was asked why he failed to raise these issues before Judge Truglia rendered the judgment of strict foreclosure. The defendant stated that he had been "in court on November 22 . . . requesting an opportunity to resolve discrepancies . . . [but] [u]nfortunately Judge Truglia didn't give [him] the opportunity to express that. In fact, he gave

the appearance that there was bias in favor of the plaintiff at that hearing." The court, *Hon. William B. Rush*, judge trial referee, thereafter denied the motion to open. The defendant then filed the present appeal.

Following oral argument in this appeal, which only the defendant attended,[4] we ordered the court to articulate the basis for its denial of the defendant's motion to open. Judge Rush issued the following articulation: "The issues raised by the defendant . . . were apparently presented to and ruled upon by Judge Truglia and would require the court to review the record existing at the time Judge Truglia made the rulings and then decide whether this court agreed or disagreed with those determinations. It is not the function of this court . . . to pass judgment on rulings made by a coequal trial judge."

The defendant claims that the court abused its discretion in denying his motion to open the judgment of strict foreclosure because he had equity in the property and, therefore, the judgment of strict foreclosure had been improper when it was rendered. We are not persuaded.

"Our review of a trial court's denial of a motion to open a judgment of strict foreclosure, which was filed more than twenty days after notice of the underlying judgment, is narrow. Generally, an appeal must be filed within twenty days of the date notice of the judgment or decision is given. . . . In the context of an appeal from the denial of a motion to open judgment, [i]t is well established in our jurisprudence that [w]here an appeal has been taken from the denial of a motion to open, but the appeal period has run with respect to the underlying judgment, [this court] ha[s] refused to entertain issues relating to the merits of the underlying case and ha[s] limited our consideration to whether the denial of the motion to open was proper. . . . When a motion to open is filed more than twenty days after the judgment, the appeal from the denial of that motion can test only whether the trial court abused its discretion in failing to open the judgment and not the propriety of the merits of the underlying judgment." (Footnote omitted; internal quotation marks omitted.) *Bank of America, N.A.* v. *Grogins*, 189 Conn. App. 477, 483–84, 208 A.3d 662, cert. denied, 332 Conn. 902, 208 A.3d 659 (2019). A motion to open the judgment, filed pursuant to § 52-212, can be granted by the trial court provided that the "defendant [can] show that he had a good defense that he was prevented from making by mistake, accident or other reasonable cause . . . ." (Internal quotation marks omitted.) Id., 484.

In the present case, the defendant moved to open the judgment of strict foreclosure on the ground that there were discrepancies in the amount of the debt. He contended that the plaintiff's history of payments differed from other histories, including that of the bank-

ruptcy trustee and his own computations. He also again contended in his motion that an encumbrance on the property had been released, leaving him with additional equity in the property. Judge Rush denied the motion to open on the ground that Judge Truglia already had considered similar arguments before he rendered judgment. On appeal, the defendant has failed to demonstrate how Judge Rush abused his discretion in denying the motion to open. The defendant raised an issue regarding equity in the property before Judge Truglia but failed to provide the requested documentation to support his contention. See footnote 3 of this opinion. Along with his memorandum in support of his motion to open, the defendant submitted some documentation to support his claim that the computation of debt may be inaccurate, but he again did not submit the specific release that had been argued before Judge Truglia. See id.

Furthermore, the defendant's motion to open does not allege that he was prevented from raising either of his claims before Judge Truglia by mistake, accident or other reasonable cause. Instead, when asked by Judge Rush why he did not raise these issues before Judge Truglia, the defendant stated that he tried, but Judge Truglia did not give him an opportunity to do so. To the extent that the defendant takes issue with how Judge Truglia handled the case before rendering the judgment of strict foreclosure, the defendant's proper remedy was to appeal from the judgment rendered by Judge Truglia, not to seek a second bite of the apple before Judge Rush. Consequently, we conclude that the trial court did not abuse its discretion when it denied the defendant's motion to open.

The judgment is affirmed.

In this opinion LAVINE, J., concurred.

[1] Bank of American, N.A., also is named as a defendant but is not involved in this appeal. For convenience, we refer to Gore as the defendant throughout this opinion.

[2] The original complaint was brought by American Tax Funding, LLC. On March 14, 2011, ATFH Real Property, LLC, was substituted by the trial court as the plaintiff in this matter. We refer in this opinion to American Tax Funding, LLC, as the plaintiff, and to ATFH Real Property, LLC, as the substitute plaintiff.

[3] The record reveals that the defendant, also on November 20, 2017, filed an objection to the November 16, 2017 affidavit of debt signed by Dana Marini, the vice president of the substitute plaintiff, and requested that Marini be required to appear because the amount of the debt to which Marini averred was different from the defendant's calculation by approximately $4529. During oral argument at the November 20, 2017 hearing, the defendant's attorney then told Judge Truglia that there was approximately $33,000 in equity on the property because a subsequent $192,000 Bank of America lien had been released. The substitute plaintiff's attorney stated that if counsel could provide paperwork to support that contention, he would look at it. Apparently, the defendant's attorney had no such paperwork. Accordingly, Judge Truglia reentered judgment and reset the law days.

[4] The substitute plaintiff also elected not to file an appellee's brief. Consequently, we are deciding this case on the basis of the appellant's brief, his oral argument, and the record. See Practice Book § 70-3 (b).