******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# BANK OF AMERICA, N.A. *v.* DAVID GROGINS, EXECUTOR (ESTATE OF ANNA S. GROGINS), ET AL.
## (AC 40325)

DiPentima, C. J., and Sheldon and Pellegrino, Js.

*Syllabus*

The plaintiff bank, B Co., sought to foreclose a mortgage on certain real property owned by the decedent. Prior to trial, the defendant D, the executor of the decedent's estate and trustee of the decedent's trust, was defaulted for failure to disclose a defense. Thereafter, the trial court granted B Co.'s motion for a judgment of strict foreclosure and rendered judgment thereon. Subsequently, the trial court granted B Co.'s motion to substitute U Co. as the plaintiff. Thereafter, more than twenty days after notice of the underlying judgment, the defendants filed a motion to open the judgment alleging that there was good cause for the default because D had been ill during the pendency of the foreclosure proceedings, which had prevented him from properly defending the action, and that they had a good faith belief that a defense existed, namely, that the loan to the decedent had been made as part of a predatory lending program run by B. Co. Following an evidentiary hearing, the court denied the defendants' motion to open, concluding that the defendants had failed to present sufficient evidence to establish that there was good cause to open the judgment. The court further found that even if good cause had existed, the defendants had been negligent in failing to pursue any defenses that they believed they may have had. On the defendants' appeal to this court, *held* that the trial court did not abuse its discretion in denying the motion to open, the defendants having failed to demonstrate good cause that was not based wholly on the merits of the underlying judgment: at the evidentiary hearing, the defendants focused almost entirely on B Co.'s fraudulent behavior and predatory lending practices, and did not offer any evidence regarding D's alleged illness, which purportedly had prevented D from defending the foreclosure action, or any other evidence to explain their failure to disclose a defense prior to default, and the testimony of the defendants' former attorney provided no justification for their failure to investigate the circumstances of the subject loan prior to the judgment of strict foreclosure; moreover, although the statute (§ 49-15) governing the opening of judgments of strict foreclosure did not require the defendants to demonstrate that they were prevented from making their defenses by mistake, accident, or other reasonable cause, the trial court properly considered all of the evidence before it in determining that it was insufficient to justify opening the judgment, and the court's additional finding that the defendants' negligence had caused their failure to pursue a defense did not vitiate its proper finding that they had failed to demonstrate good cause to open the judgment that was not based wholly on the merits of the judgment.

Argued December 6, 2018–officially released April 30, 2019

*Procedural History*

Action to foreclose a mortgage on certain real property owned by the named defendant et al., and for other relief, brought to the Superior Court in the judicial district of Stamford-Norwalk, where the defendant Malcolm L. Grogins, trustee of the Susan Grogins Trust, et al. were defaulted for failure to appear; thereafter, the named defendant et al. were defaulted for failure to disclose a defense; subsequently, the court, *Mintz, J.*, granted the plaintiff's motion for a judgment of strict foreclosure and rendered judgment thereon; thereafter, U.S. Bank Trust, N.A., was substituted as the plaintiff;

subsequently, the court, *Hon. Kevin Tierney*, judge trial referee, denied the motion to open the judgment of strict foreclosure filed by the named defendant et al., and the named defendant et al. appealed to this court. *Affirmed.*

*Ridgely Whitmore Brown*, with whom, on the brief, was *Benjamin Gershberg*, for the appellants (named defendant et al.).

*Robert J. Wichowski*, for the appellee (substitute plaintiff).

*Opinion*

DiPENTIMA, C. J. In this foreclosure action, the defendants, David Grogins, executor of the estate of Anna S. Grogins, and David Grogins and Malcolm L. Grogins, trustees of the Susan Grogins Trust,[1] appeal from the trial court's denial of their motion to open the judgment of strict foreclosure rendered in favor of the substitute plaintiff, U.S. Bank Trust, N.A., as trustee for LSF9 Master Participation Trust.[2] On appeal, the defendants argue that the court abused its discretion in denying their motion to open because the court improperly applied the procedural requirements set forth in General Statutes § 52-212[3] and, in so doing, erroneously found that there was no good cause to open the judgment of strict foreclosure. We disagree and, accordingly, affirm the judgment of the trial court.

The following facts and procedural history are relevant to this appeal. On July 30, 2014, Bank of America, N.A., as the original plaintiff, commenced this action against the defendants. According to the allegations in the complaint, the decedent, Anna S. Grogins, "owed Countrywide Bank, FSB [Countrywide] $625,250, as evidenced by a promissory note for said sum," dated July 19, 2007. The note was secured by a mortgage on the premises known as 21 River Ridge Court in Stamford. The mortgagee was identified as Mortgage Electronic Registration, Inc., as nominee for Countrywide. On November 5, 2009, this mortgage was assigned to BAC Home Loan Servicing, LP (BAC), which Bank of America, N.A., subsequently acquired. Prior to Anna S. Grogins' death, the note and mortgage were in default for nonpayment of the principal and interest due on October 1, 2010. Anna S. Grogins died on December 16, 2010. The complaint further alleged that David Grogins, executor, "may claim an interest in [the] premises by virtue of being the executor of the estate of Anna S. Grogins," and that David Grogins and Malcolm L. Grogins, trustees, were the current owners of record.

On April 8, 2015, Malcolm L. Grogins, State of Connecticut, Department of Revenue Services, and Bank of America, N.A., were defaulted for failure to appear. On April 27, 2015, the court, *Mintz, J.*, defaulted David Grogins for failure to disclose a defense and rendered judgment of strict foreclosure. The law day was set for July 28, 2015. On July 27, 2015, David Grogins filed for bankruptcy, which stayed the foreclosure proceedings.

Following the termination of the bankruptcy stay, the substitute plaintiff filed a motion to open the judgment, to make new findings, to reenter judgment after termination of the bankruptcy stay and to award additional attorney's fees and costs. Judge Mintz granted the substitute plaintiff's motion and set a new law day for June 28, 2016.

On June 13, 2016, the defendants filed a motion to

open the judgment. The defendants' motion to open was an official court form, JD-CV-107, that cited General Statutes §§ 52-212, 52-212a, and 52-259c, and Practice Book §§ 17-4 and 17-43. Appended to the defendants' motion to open was an "explication" that alleged that David Grogins and Malcolm L. Grogins, as individuals, had occupied the residence subject to the foreclosure action since its purchase in the early 2000s. The explication also alleged that David Grogins had been sick intermittently during the pendency of the foreclosure action and that his illness, coupled with "the history of the loan," constituted "good cause for [why] the defaults [had] occurred . . . ." Further, the defendants asserted that they had a good faith belief that a defense existed to the substitute plaintiff's complaint, specifically, that the subject loan "was part of the [HSSL (High Speed Swim Lane loan program)] at [Bank of America]."

On June 27, 2016, Judge Mintz heard oral argument on the defendants' motion to open and decided that the matter warranted a full hearing before Judge Tierney. Judge Mintz then sua sponte opened the judgment of strict foreclosure and set a new law day for July 19, 2016. Following a brief hearing on July 11, 2016, the court, *Hon. Kevin Tierney*, judge trial referee, sua sponte opened the judgment of strict foreclosure and set a new law day for August 2, 2016. Shortly thereafter, on July 29, 2016, Judge Tierney held an evidentiary hearing on the defendants' motion to open.

The hearing was held over a series of nonconsecutive days, starting on July 29, 2016, and ending on February 7, 2017. The defendants called several witnesses who testified to matters concerning alleged predatory lending practices and fraudulent behavior during the procurement of the original loan. The defendants did not present any evidence regarding the illness of David Grogins, which purportedly had prevented him from properly defending the foreclosure action, nor did they offer any other evidence to explain their failure to disclose a defense prior to default. Indeed, the attorney who represented David Grogins early on in these proceedings testified at the evidentiary hearing that he did not disclose a defense because, at the time, he had been unaware that any defenses existed.

In a memorandum of decision dated April 5, 2017, Judge Tierney denied the defendants' June 13, 2016 motion to open. In its decision, the court characterized the defendants' claims and arguments as a "[m]oving [t]arget"[4] and concluded that they had failed to present sufficient evidence to support "any semblance of a defense" to the foreclosure action. Further, the court found that the evidence demonstrated that, even if a good defense existed, it was the defendants' own negligence that occasioned their failure to plead and pursue such a defense. This appeal followed.

On appeal, the defendants claim that the court erred

in denying their motion to open by improperly applying § 52-212, which governs opening civil judgments of default and nonsuit, when it should have applied General Statutes § 49-15, which governs opening judgments of strict foreclosure.[5] As a result, the defendants argue, the court incorrectly considered their negligence in failing to plead their defenses in a timely fashion to be a dispositive reason for denying their motion to open. The defendants contend that in seeking to open a judgment of strict foreclosure pursuant to § 49-15, parties need not show that they were prevented from making their defense as a result of "mistake, accident or other reasonable cause," unlike as required by § 52-212. Accordingly, without conceding that they were negligent in failing to plead their defenses prior to default, the defendants submit that negligence is only one factor that the court should weigh in determining whether to exercise its equitable authority, and that the court's emphasis on the defendants' negligence undermines its determination that there was no good cause to open the judgment.[6] We are not persuaded.

Our review of a trial court's denial of a motion to open a judgment of strict foreclosure, which was filed more than twenty days after notice of the underlying judgment, is narrow.[7] "Generally, an appeal must be filed within twenty days of the date notice of the judgment or decision is given. . . . In the context of an appeal from the denial of a motion to open judgment, [i]t is well established in our jurisprudence that [w]here an appeal has been taken from the denial of a motion to open, but the appeal period has run with respect to the underlying judgment, [this court] ha[s] refused to entertain issues relating to the merits of the underlying case and ha[s] limited our consideration to whether the denial of the motion to open was proper. . . . When a motion to open is filed more than twenty days after the judgment, the appeal from the denial of that motion can test only whether the trial court abused its discretion in failing to open the judgment and not the propriety of the merits of the underlying judgment." (Internal quotation marks omitted.) *Wells Fargo Bank, N.A.* v. *Ruggiri*, 164 Conn. App. 479, 484, 137 A.3d 878 (2016). "Because opening a judgment is a matter of discretion, the trial court [is] not required to open the judgment to consider a claim not previously raised. The exercise of equitable authority is vested in the discretion of the trial court and is subject only to limited review on appeal." (Citation omitted; internal quotation marks omitted.) *Countrywide Home Loans Servicing, L.P.* v. *Peterson*, 171 Conn. App. 842, 849, 158 A.3d 405 (2017).

The distinction between a motion to open filed pursuant to § 52-212 and one filed pursuant to § 49-15 was examined previously by our Supreme Court in *Farmers & Mechanics Savings Bank* v. *Sullivan*, 216 Conn. 341, 352–53, 579 A.2d 1054 (1990) (*Farmers*). There, the court explained that "[u]nlike . . . § 52-212, which

provides for opening default judgments generally and requires a defaulted defendant to show that he had a good defense that he was prevented from making by mistake, accident or other reasonable cause, § 49-15 prescribes only four conditions for opening a judgment of strict foreclosure: (1) that the motion be in writing; (2) that the movant be a person having an interest in the property; (3) that the motion be acted upon before an encumbrancer has acquired title; and (4) that cause, obviously good cause, be shown for opening the judgment." (Internal quotation marks omitted.) Id. The court further noted that "[g]ood cause for opening a foreclosure pursuant to § 49-15 . . . cannot rest entirely upon a showing that the original foreclosure judgment was erroneous. Otherwise that statute would serve merely as a device for extending the time to appeal from the judgment." Id., 356.

In accordance with *Farmers*, the defendants in this case were required to show good cause for opening the judgment that was not based wholly on the merits of the judgment. Having reviewed the record and the memorandum of decision, we cannot say that the trial court abused its discretion when it found that no good cause existed. As we stated previously, despite alleging in their motion to open that David Grogins failed to defend this action due to an intermittent illness, throughout the several days of testimony, little to no evidence was presented to support this claim. Further, David Grogins, in his capacity as executor and trustee, was represented by counsel when the default was entered against him, and, during the evidentiary hearing on the motion to open, his former attorney offered no justification for the decision not to investigate the circumstances surrounding the July 19, 2007 loan until after judgment of strict foreclosure had been rendered. See *USA Bank* v. *Schulz*, 143 Conn. App. 412, 419, 70 A.3d 164 (2013) ("defendant has no basis for claiming an abuse of discretion by the trial court in denying him relief that he could readily have sought, had he wished to, at a time when he was represented by competent counsel"). Although the court did note that the defendants were negligent in failing to pursue any defenses that they believed they may have had, the court also gave consideration to all the evidence presented and found that it was insufficient to justify opening the judgment. Thus, irrespective of the fact that the defendants, in seeking to open the judgment of strict foreclosure, were not required to show that they were prevented by "mistake, accident or other reasonable cause from . . . making [their] defenses," as the court's application of § 52-212 suggested, the application of the wrong statute does not vitiate the court's finding that the defendants failed to show good cause, because that determination is independent of the other procedural requirements set forth in §§ 52-212 and 49-15. See *JP Morgan Chase Bank, N.A.* v. *Mendez*, 320 Conn. 1, 8, 127 A.3d 994 (2015).

Accordingly, the trial court, having properly found that the defendants had failed to show good cause, did not abuse its discretion when it denied the defendants' motion to open the judgment of strict foreclosure pursuant to § 52-212.

The judgment is affirmed and the case is remanded for the purpose of setting a new law day.

In this opinion the other judges concurred.

[1] Bank of America, N.A., and State of Connecticut, Department of Revenue Services—subordinate lien holders to the mortgage from which this foreclosure action arises—were also named as defendants but are not parties to this appeal. Accordingly, we refer to David Grogins, executor of the estate of Anna S. Grogins, and David Grogins and Malcolm L. Grogins, trustees of the Susan Grogins Trust, as the defendants throughout this opinion and individually by name where necessary. Further, all references to David Grogins and Malcolm L. Grogins are to those individuals in their respective representative capacities unless indicated otherwise.

[2] On January 4, 2016, the original plaintiff, Bank of America, N.A., filed a motion to substitute itself as the plaintiff in this action with U.S. Bank Trust, N.A., as trustee for LSF9 Master Participation Trust. The court, *Mintz, J.*, granted the motion on February 16, 2016.

[3] General Statutes § 52-212 (a) provides: "Any judgment rendered or decree passed upon a default or nonsuit in the Superior Court may be set aside, within four months following the date on which it was rendered or passed, and the case reinstated on the docket, on such terms in respect to costs as the court deems reasonable, upon the complaint or written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of the judgment or the passage of the decree, and that the plaintiff or defendant was prevented by mistake, accident or other reasonable cause from prosecuting the action or making the defense."

[4] In describing the defendants' claims with this phrase, the court cited the 1949 novel of the same name, "The Moving Target," written by author Ross Macdonald.

[5] General Statutes § 49-15 (a) (1) provides: "Any judgment foreclosing the title to real estate by strict foreclosure may, at the discretion of the court rendering the judgment, upon the written motion of any person having an interest in the judgment and for cause shown, be opened and modified, notwithstanding the limitation imposed by section 52-212a, upon such terms as to costs as the court deems reasonable, provided no such judgment shall be opened after the title has become absolute in any encumbrancer except as provided in subdivision (2) of this subsection."

[6] The defendants' motion to open, according to the appended explication, was brought pursuant to Practice Book §§ 17-4 and 17-43 and "all JD-CV-107 criteria." Although the JD-CV-107 form cites several statutes, including § 52-212, it does not include any reference to § 49-15. Indeed, at no time during the evidentiary hearing or at any point prior to this appeal did the defendants argue that their motion to open was made pursuant to § 49-15. Irrespective of the defendants' failure to frame their motion clearly for the court, we address the merits of the defendants' claim.

In addressing the defendants' claim, we note that the substitute plaintiff argues that the defendants should be foreclosed from raising on appeal an error that they induced by failing to cite the correct statute in their motion to open. See *Snowdon* v. *Grillo*, 114 Conn. App. 131, 139, 968 A.2d 984 (2009) ("[T]he term induced error, or invited error, has been defined as [a]n error that a party cannot complain of on appeal because the party, through conduct, encouraged or prompted the trial court to make the erroneous ruling. . . . It is well established that a party who induces an error cannot be heard to later complain about that error. . . . This principle bars appellate review of induced nonconstitutional and induced constitutional error. . . . The invited error doctrine rests on principles of fairness, both to the trial court and to the opposing party." [Internal quotation marks omitted.]). We decline to apply the invited error doctrine in this case because it is evident from the court's decision that it understood § 49-15 to control with respect to a motion to open a judgment of strict foreclosure. The court nonetheless applied § 52-212 solely on the basis that the defendants failed to cite the proper statute in their motion or explication. Given the conscious

disregard of controlling authority, this is not a circumstance that counsels us to apply the invited error doctrine to avoid unfairness to the trial court. See *Hodgate* v. *Ferraro*, 123 Conn. App. 443, 451–52, 3 A.3d 92 (2010) (invited error doctrine barred appellate review of plaintiff's claim that trial court should not have retroactively applied recent Supreme Court decision where plaintiff previously had argued to trial court that precedent should be applied).

[7] The judgment of strict foreclosure was rendered on April 27, 2015, and the defendants filed their motion to open on June 13, 2016.

––––––––––––––––––––––––––––