******************************************************

The ''officially released'' date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the ''officially released'' date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

USAA FEDERAL SAVINGS BANK *v.* CHARLES
DONALD GIANETTI ET AL.
(AC 42037)

Lavine, Moll and Sheldon, Js.

*Syllabus*

The plaintiff sought to foreclose a mortgage on certain real property owned
by the defendant. The trial court granted the plaintiff's motion for sum-
mary judgment as to liability and rendered judgment of strict foreclosure.
The trial court then granted the plaintiff's motion to strike a counterclaim
filed by the defendant and denied the defendant's motion to open the
judgment, and the defendant appealed to this court. *Held*:

1. The defendant could not prevail on his claim that the trial court abused
its discretion in denying his motion to open the judgment of strict
foreclosure as the court acted well within its discretion in determining
that the defendant had not established good cause for opening the
judgment: although the defendant pleaded that he informed the court
through a colleague at the earliest opportunity that he could not attend
the hearing on the motion for a judgment of strict foreclosure due to
medical reasons, he acknowledged that the transcript of the hearing in
question did not reflect that any such information had been received
by the court; moreover, the court did not receive any information about
why or how the defendant's failure to attend court that day had prevented
him from making any material input to the court's decision whether to
grant the plaintiff's motion for a judgment of strict foreclosure.

2. This court did not address the defendant's claim challenging, on due
process grounds, the manner in which his motion to open was adjudi-
cated, as that claim was not preserved for appellate review because it
was not been presented to and decided by the trial court.

3. This court did not review the defendant's claim that the trial court erred in
adjudicating the plaintiff's motion for summary judgment, the defendant
having failed to timely appeal from the rendering of the underlying
judgment of strict foreclosure, which was based on the plaintiff's motion
for summary judgment.

4. This court did not have subject matter jurisdiction over the defendant's
claim that the trial court erred in granting the plaintiff's motion to strike
his counterclaim, the defendant having failed to replead the counterclaim
after it was stricken, or move the court to render judgment against him
on that claim, resulting in a lack of a final judgment on the counterclaim.

Argued March 9—officially released June 9, 2020

*Procedural History*

Action to foreclose a mortgage, brought to the Supe-
rior Court in the judicial district of Fairfield, where the
named defendant filed a counterclaim; thereafter, the
court, *Hon. Alfred J. Jennings, Jr.*, judge trial referee,
granted the plaintiff's motion for summary judgment as
to liability; subsequently, the court granted the plain-
tiff's motion for judgment and rendered judgment of
strict foreclosure; thereafter, the court granted the
plaintiff's motion to strike the named defendant's coun-
terclaim; subsequently, the court denied the named
defendant's motion to open the judgment, and the
named defendant appealed to this court. *Appeal dis-
missed in part*; *affirmed*; *further proceedings*.

*Charles D. Gianetti*, self-represented, the appellant
(named defendant).

*Jeffrey M. Knickerbocker*, for the appellee (plaintiff).

*Opinion*

PER CURIAM. In this case, the plaintiff, USAA Federal Savings Bank, brought this action against several defendants,[1] including the named defendant, Charles Donald Gianetti, and Gianetti's judgment creditor, Foster Young,[2] to foreclose a mortgage on Gianetti's real property located at 149 Seeley Road in Easton. Gianetti had given the mortgage to secure a note in the amount of $500,000, pursuant to which he was required to make monthly payments of principal and interest until the note was repaid in full. The plaintiff alleged in its complaint that Gianetti had defaulted on the note by not making all payments due from him thereunder. Gianetti answered the complaint, admitting that he owned the mortgaged property and that he had executed the note and mortgage, but he denied the plaintiff's claim that it was entitled to foreclosure on the mortgage on the basis of several special defenses, including equitable and promissory estoppel, breach of fiduciary duty, breach of the implied covenant of good faith and fair dealing, unclean hands, and unconscionability. The plaintiff denied each of Gianetti's special defenses.

On July 14, 2017, the plaintiff moved for a judgment of strict foreclosure. Young was defaulted for failure to appear on July 27, 2017. Thereafter, on October 24, 2017, the plaintiff filed a motion for summary judgment as to liability only against all other defendants. Gianetti failed to file any documents or materials in opposition to the motion. On March 15, 2018, in a memorandum of decision, the trial court, *Hon. Alfred J. Jennings, Jr.*, judge trial referee, granted the plaintiff's motion for summary judgment as to liability only.

On February 13, 2018, while the motion for summary judgment was pending, Gianetti filed a counterclaim alleging that the plaintiff had breached its promise to offer him a new loan. Three days later, the plaintiff moved to strike the counterclaim.

On May 10, 2018, the plaintiff filed a two count amended complaint. In count one, the plaintiff repleaded its claim for foreclosure. In count two, which it labeled, "Quiet Title," the plaintiff sought a declaratory judgment that Young's judgment lien against the mortgaged property was no longer valid. On June 13, 2018, the plaintiff filed a motion for judgment as to count two of the amended complaint.

On June 18, 2018, the court granted the plaintiff's motion for judgment as to count two. On that same day, the court granted the plaintiff's earlier motion for a judgment of strict foreclosure, setting the law days to commence on August 14, 2018. Gianetti did not file a timely appeal within twenty days from the rendering of that judgment.

Thereafter, on July 22, 2018, the court granted the plaintiff's motion to strike Gianetti's counterclaim on

the ground that any claim based on the plaintiff's alleged failure to enter into a new loan agreement would necessarily be based on a separate transaction from the making of the original loan pursuant to the note and mortgage at issue in this case. The court therefore ruled that any such claim could only be brought in a separate action. Gianetti did not replead his counterclaim after it was stricken or move that judgment be rendered against him on the counterclaim so that he could appeal from the granting of the motion to strike.

Approximately five weeks after the court granted the plaintiff's motion for a judgment of strict foreclosure, Gianetti filed a motion to open that judgment on the ground that he had been unable, for unspecified "medical reasons," to attend the hearing at which the motion was heard. On August 13, 2018, the court denied the motion to open but set new law days to commence on October 16, 2018. Thereafter, on August 30, 2018, the defendant filed the present appeal.

In his appeal, Gianetti, who is self-represented, makes four separate claims of error: (1) the trial court abused its discretion in denying his motion to open the judgment of strict foreclosure; (2) the trial court erred in granting the plaintiff's motion to strike his counterclaim; (3) the trial court erred in divers ways in adjudicating the plaintiff's motion for summary judgment as to liability only; and (4) the trial court violated his right not to be deprived of his property without due process of law by the manner in which it adjudicated his motion to open the judgment of strict foreclosure, having allegedly been put under pressure to resolve the matter quickly, before all necessary discovery on the motion could be conducted. For the following reasons, we conclude that none of these claims furnishes a ground for granting the relief that Gianetti seeks in this appeal.

I

REVIEWABILITY

Our power to review Gianetti's previously specified claims of error is strictly limited by their respective procedural histories. For the following reasons, we conclude that only the first of those claims can be reviewed on the merits.

We note initially that, although Gianetti timely appealed from the denial of his motion to open the judgment of strict foreclosure rendered against him— within twenty days of that ruling—he did not timely appeal from the rendering of the underlying judgment he thereby sought to open. For that reason we will not review his third claim of error challenging the granting of plaintiff's motion for summary judgment as to liability only, on which the judgment of strict foreclosure was squarely based. Such review is barred by our case law. See *Wells Fargo Bank*, *N.A.* v. *Ruggiri*, 164 Conn. App. 479, 484, 137 A.3d 878 (2016) ("[w]hen a motion to open

is filed more than twenty days after the judgment, the appeal from the denial of that motion can test only whether the trial court abused its discretion in failing to open the judgment and not the propriety of the merits of the underlying judgment" (internal quotation marks omitted)).

As for Gianetti's timely filed first and fourth claims of error concerning the denial of his motion to open, only the first of those claims was presented to and decided by the trial court. Because the defendant's fourth claim of error, challenging on due process grounds the manner in which his motion to open was adjudicated, was not preserved for appellate review, we cannot reach and decide that claim now. See Practice Book § 60-5 ("[t]he court shall not be bound to consider a claim unless it was distinctly raised at the trial or arose subsequent to the trial").

Turning finally to Gianetti's challenge to the granting of the plaintiff's motion to strike his counterclaim, we note that he neither repleaded the counterclaim after it was stricken nor moved the court to render judgment against him on that claim.[3] See Practice Book § 10-44; see also *Breen* v. *Phelps*, 186 Conn. 86, 89, 439 A.2d 1066 (1982) (granting of motion to strike does not, on its own, constitute final judgment); *Pellecchia* v. *Connecticut Light & Power Co.*, 139 Conn. App. 88, 90, 54 A.3d 658 (2012) ("[t]he granting of a motion to strike . . . ordinarily is not a final judgment because our rules of practice afford a party a right to amend deficient pleadings" (internal quotation marks omitted)), cert. denied, 307 Conn. 950, 60 A.3d 740 (2013). In the absence of a final judgment on the counterclaim, this court has no subject matter jurisdiction over Gianetti's claim on appeal that it was improperly stricken. See *McGuinness* v. *McGuinness*, 155 Conn. App. 273, 276, 108 A.3d 1181 (2015) ("The subject matter jurisdiction of this court and our Supreme Court is limited by statute to final judgments. . . . Our appellate courts lack jurisdiction to hear an appeal that is not brought from a final judgment. . . . The lack of a final judgment is a jurisdictional defect that mandates dismissal." (Internal quotation marks omitted.)).

In sum, we limit our review of the merits of Gianetti's claims on appeal to his first claim alleging that the trial court abused its discretion in denying his motion to open the judgment of strict foreclosure rendered against him.

## II

### MOTION TO OPEN

Pursuant to General Statutes § 49-15 (a) (1), upon the written motion of any person having an interest in the judgment, a trial court that has rendered a judgment of strict foreclosure has the discretion to open the judgment for good cause shown. "[G]ood cause for opening

a [judgment] pursuant to § 49-15 . . . cannot rest entirely upon a showing that the original foreclosure judgment was erroneous. Otherwise that statute would serve merely as a device for extending the time to appeal from the judgment." (Internal quotation marks omitted.) *Bank of America, N.A.* v. *Grogins*, 189 Conn. App. 477, 485, 208 A.3d 662, cert. denied, 332 Conn. 902, 208 A.3d 659 (2019).

In reviewing the denial of a motion to open a judgment of strict foreclosure, we are limited to determining whether the court abused its discretion in so ruling or based its ruling on some error of law. If neither such error is established, the court's ruling must be upheld. See *Countrywide Home Loans Servicing, L.P.* v. *Peterson*, 171 Conn. App. 842, 848–49, 158 A.3d 405 (2017).

In this case, Gianetti's motion to open stated only that he could not attend the June 18, 2018 hearing on the plaintiff's motion for a judgment of strict foreclosure "because of medical reasons." Although Gianetti further pleaded that he informed the court of his medical problem through a colleague, and did so at the earliest opportunity, he acknowledged that the transcript of the hearing in question did not reflect that any such information had been received by the court. Having not received any information about the nature of Gianetti's medical problems or the reasons why they prevented him from coming to court on the date the motion was heard—much less why or how his failure to attend court that day had prevented him from making any material input to the court's decision whether to grant the plaintiff's motion—the court acted well within its discretion in determining that Gianetti had not established good cause for opening the judgment of strict foreclosure rendered on June 18, 2018.

III

CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment denying Gianetti's motion to open the judgment of strict foreclosure and remand this case to the trial court to set new law days. Gianetti's appeal from the granting of the plaintiff's motion to strike his counterclaim is dismissed for lack of a final judgment, without prejudice to any right he may still have to seek permission to replead or move for a final judgment on the stricken counterclaim.

The appeal is dismissed only as to the granting of the motion to strike the counterclaim; the judgment is affirmed as to the denial of the motion to open the judgment of strict foreclosure, and the case is remanded for the purpose of setting new law days.

[1] Glenn Siglinger, Laura Siglinger, and Peter A. Vimini were also named as defendants in the underlying action, however, they are not participating in this appeal.

[2] Young is not participating in this appeal.

[3] The parties were advised to be prepared to argue the issue of whether the defendant's appeal challenging the trial court's ruling striking his counter-claim should be dismissed for lack of a final judgment.

_____