******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

# CONNECTICUT HOUSING FINANCE AUTHORITY *v.* SUSANN T. MCCARTHY ET AL.
## (AC 42792)

Bright, C. J., and Alvord and Alexander, Js.

*Syllabus*

The plaintiff sought to foreclose a mortgage on certain real property owned by the named defendant, M. At M's request, the trial court assigned the case to the foreclosure mediation program. The mediation, however, did not take place because of M's failure to attend three out of four of the required premediation meetings. Thereafter, the plaintiff filed a motion for a judgment of strict foreclosure, which the court granted following M's default for failure to plead. On August 21, 2017, the court rendered a judgment of strict foreclosure, determined the amount of the debt owed, and set M's law day. M then filed a motion to open the judgment and extend the law day, claiming that her default was due to an increase in her mortgage payments based on a dispute that arose in relation to the payment of her condominium association fees. She also filed a petition for reinclusion into the foreclosure mediation program, asserting that she wanted to modify the mortgage and retain the property. The mediation proved unsuccessful, as the plaintiff did not believe that the property was M's primary residence and M did not have the lump sum required under the modification agreement to reinstate the mortgage. Between January and August, 2018, M filed her second, third and fourth motions to open the judgement and extend the law day, indicating in each that she anticipated being able to pay off the amount required to reinstate the mortgage. The court granted all of these motions. M then filed her fifth motion to open the judgment and extend the law day, claiming for the first time that there were discrepancies regarding the reinstatement figure that needed to be resolved. The court denied the motion but extended the law day. The court also denied M's sixth and seventh motions to open the judgment, in which M reiterated her claim that the amount of the debt was disputed, but the court again set new law days. Thereafter, the court denied M's eighth motion to open the judgment and her second petition for reinclusion in the foreclosure mediation program, and she appealed to this court. *Held*:

1. The trial court did not abuse its discretion in denying M's eighth motion to open the judgment because M failed to establish good cause as required under the applicable statute (§ 49-15): M's claim on appeal was based on the premise that the court's finding as to the amount of debt, made at the time of the judgment of strict foreclosure, was erroneous, yet she failed to challenge that finding on appeal or in her first four motions to open; moreover, a showing of good cause cannot rest entirely on a claim that the original foreclosure judgment was erroneous, or the statute would serve merely as a device for extending the time to appeal a judgment; furthermore, M had numerous opportunities to complete a modification of the mortgage note or to reinstate the note and failed to do so, citing only her desire to dispute the amount of the debt.

2. The trial court did not abuse its discretion in denying M's second petition for reinclusion into the foreclosure mediation program because M failed to demonstrate the requisite good cause pursuant to the applicable statute (§ 49-31*l* (c) (5)): there was no indication that the parties would benefit from additional mediation when their two prior attempts were unsuccessful and the plaintiff had made it clear that it would not engage in further discussions relating to the amount of the debt, as that amount was finally determined by the court when it rendered judgment on August 21, 2017.

Argued December 3, 2020—officially released May 4, 2021

*Procedural History*

Action to foreclose a mortgage on certain of the named defendant's real property, and for other relief,

brought to the Superior Court in the judicial district of Hartford, where the named defendant was defaulted for failure to plead; thereafter, the court, *Pittman, J.*, granted the plaintiff's motion for judgment of strict foreclosure and rendered judgment thereon; subsequently, the court, *Dubay, J.*, denied the named defendant's motion to open the judgment and her petition for reinclusion in the foreclosure mediation program, and the named defendant appealed to this court. *Affirmed.*

*Daniel J. Krisch*, with whom, on the brief, were *Oscar L. Suarez* and *Christopher J. McCarthy*, for the appellee (plaintiff).

*Christopher G. Brown*, for the appellant (named defendant).

*Opinion*

BRIGHT, C. J. The defendant Susann T. McCarthy[1] appeals from the judgment of the trial court denying her motion to open and vacate the judgment of strict foreclosure or extend the law day and her petition for reinclusion in the foreclosure mediation program. On appeal, the defendant claims that the trial court abused its discretion in denying her motions. We disagree and affirm the judgment of the trial court.

The following procedural history is relevant to our analysis. On March 15, 2017, the plaintiff, the Connecticut Housing Finance Authority, filed an amended complaint seeking to foreclose a mortgage on real property located at 11 Winchester Court in Farmington. In April, 2017, the defendant filed a foreclosure mediation request with the trial court, and the court, thereafter, assigned the case to the foreclosure mediation program. Mediation between the parties never took place because the defendant failed to attend the required premediation meetings with the mediator in order to complete the forms and provide the information necessary for a successful mediation. The premediation meetings occurred on May 8, May 31, June 19 and July 14, 2017. The defendant attended only the May 31, 2017 meeting. On July 17, 2017, the mediator filed a report with the court stating that a mediation would not be scheduled. The report stated that the defendant did not fully or substantially complete the forms and furnish the documents that were requested by the plaintiff. The report also provided that the plaintiff supplied the requested documentation, forms, and information to the mediator and to the defendant.

On August 3, 2017, the plaintiff filed a motion for judgment of strict foreclosure. On August 10, 2017, the court granted the plaintiff's motion for default against the defendant for failure to plead. On August 15, 2017, the plaintiff filed an affidavit of debt stating that the defendant was indebted to the plaintiff in the amount of $175,010.46. The debt included escrow advances of $16,956.27. On August 21, 2017, the court, *Pittman, J.,* rendered a judgment of strict foreclosure, determined the fair market value of the property to be $145,000 and the debt owed to be $175,010.46, awarded the plaintiff certain other fees and costs, and set the defendant's law day for November 6, 2017. The defendant did not appeal from the court's judgment.

On October 16, 2017, the defendant filed a motion to open the judgment and extend the law day on the basis that her default on the mortgage was due to an increase in her mortgage payment that arose in relation to a dispute regarding the payment of condominium association fees. The defendant's motion gave no indication that she disputed the amount of the debt as found by the court when it rendered judgment. The court, *Dubay,*

*J.*, granted the defendant's motion and extended the defendant's law day to January 22, 2018. On October 17, 2017, the defendant filed a petition for reinclusion in the foreclosure mediation program, seeking to modify the mortgage and retain the property. On October 30, 2017, the court, *Dubay, J.*, granted the petition.

On November 14, 2017, the parties met with the foreclosure mediator. The mediator filed a report with the court in which she stated that the defendant had requested a loan modification as an alternative to foreclosure and that the parties would benefit from further mediation. The report also provided that the mediation session was not as productive as it could have been because the defendant had not provided the plaintiff with all of the documents it needed to consider a possible modification and the plaintiff did not sufficiently follow up with the defendant.

On November 15, 2017, the defendant filed a motion for modification of the mediation period on the basis that the plaintiff had failed to provide a document request to the defendant in a timely fashion. The defendant's motion was granted by the court.

On December 21, 2017, the parties again met with the mediator. The mediator filed a report with the court in which she stated that the parties had engaged in conduct consistent with the objectives of the mediation program and that the defendant had requested a loan modification. The report provided that the plaintiff denied the defendant's request for a loan modification because the plaintiff did not believe that the property was her primary residence, and it indicated that the mediator was not aware of any material reason to disagree with this denial. The report further provided that, if occupancy was proven, the defendant "would still need to come up with [$23,000] as . . . part of a modification agreement." There is nothing in the mediator's report that suggests that the defendant disputed the plaintiff's claim regarding the amount of money she would need to raise to complete a modification.

On January 10, 2018, the defendant filed a second motion to open the judgment and extend the law day. The defendant argued that good cause existed to open the judgment because the plaintiff had offered her a three month trial payment plan toward a permanent modification of her mortgage. Once again, the defendant did not dispute the amount of the debt or the amount she would need to pay the plaintiff to secure a permanent modification. Instead, she represented in her motion that she "[anticipated] being able to comply with all the other requirements needed to permanently modify the mortgage." On January 22, 2018, the court, *Dubay, J.*, granted the motion and set a new law day for May 14, 2018.

On February 5, 2018, the mediator filed her final

report with the court in which she stated that the mediation was terminated because only one session was ordered by the court and that, although the plaintiff had agreed to a second session, the case did not settle.

On May 2, 2018, the defendant filed a third motion to open the judgment and extend the law day. The defendant argued that she had completed her three month trial payment plan and stated that she needed to pay only a lump sum of approximately $23,000 to the plaintiff's servicer and certain other amounts required to release some minor judgment liens. The defendant argued further that she wanted to examine the denial letter of her loan modification and submit an appeal, and she requested an extension of the law day to do so. On May 14, 2018, the court, *Cobb, J.*, granted the motion and set a new law day for September 10, 2018.

On August 29, 2018, the defendant filed her fourth motion to open the judgment and extend the law day. The defendant argued that she anticipated that she would be receiving sufficient funds to reinstate the mortgage and required an additional thirty to sixty days to gain access to the funds. The defendant also requested, for the first time, a "more specific breakdown" of the reinstatement figures provided by the plaintiff's servicer and stated that the additional time was required to ensure the accuracy of the figures. On September 10, 2018, the motion was granted by the court, *Hon. Patty Jenkins Pittman*, judge trial referee, and a new law day was set for November 19, 2018.

On November 7, 2018, the defendant filed her fifth motion to open the judgment and extend the law day. The defendant argued that the reinstatement figure she had received from the plaintiff included payments from the plaintiff to her condominium association and that she had documentation showing that she had made the payments herself or that the plaintiff, in fact, had not made the payments. The defendant requested an extension of the law day to discuss the discrepancies with the plaintiff and to determine the actual reinstatement figure. The plaintiff objected to the motion arguing, inter alia, that the court, when it entered the judgment of strict foreclosure on August 21, 2017, determined the amount of the debt, which included the payments that the defendant was now questioning. The motion to open the judgment was denied by the court, *Dubay, J.*, but a new law day was set for January 22, 2019.

On January 22, 2019, the defendant filed her sixth motion to open the judgment and extend the law day. She argued that the escrow figures claimed by the plaintiff were excessive and that she was ready and willing to make the reinstatement payment, but needed to make sure that the escrow amount stated by the plaintiff was accurate. The motion to open the judgment was denied by the court, *Dubay, J.*, but the law day was extended

to February 25, 2019.

On February 19, 2019, the defendant filed her seventh motion to open the judgment. The defendant requested that the court open and vacate the judgment or extend the law day because doing so would allow both parties time to ensure the accuracy of the payment requested by the plaintiff for the defendant to reinstate the mortgage. The defendant argued that there was good cause to open the judgment and to vacate or to provide an extension of the law day because the plaintiff's figures were inaccurate to "such a substantial degree." The motion to open and vacate the judgment was denied by the court, *Dubay, J.*, but the law day was extended to April 8, 2019.

On March 27, 2019, the defendant filed her eighth motion to open the judgment and her second petition for reinclusion in the foreclosure mediation program. The defendant requested that the court open and vacate the judgment or extend the law day because the plaintiff's figures were "inaccurate to such a substantial degree, there is good cause to open the judgment and to vacate or to provide an extension of the law day and to order mediation" and that "[t]he additional time vacating the judgment and not resetting the law day, or entering an extended law day . . . will allow both parties to participate in a mediation with accurate information and payoff amounts, and ensure that whatever amount is required to reinstate is the accurate reinstatement amount." The defendant also contended that (1) she consistently requested the documentation that formed the basis of the reinstatement amount and the plaintiff had not provided the defendant with the requested documentation, (2) the reinstatement amount was erroneous, (3) the plaintiff did not adjust its accounting properly, (4) the plaintiff would be unjustly enriched if the foreclosure proceeded because the defendant's property would be foreclosed due to her nonpayment of an amount that she does not owe, (5) the plaintiff had a duty to inform the court of the changes it made to the reinstatement amount following its discovery of the overcharge or its decision to reduce the amount due, (6) the plaintiff's practice of demanding additional money affected the mediation results, and (7) she has proven her motivation to reinstate by consistently pursuing clarity regarding, and an itemization of, the reinstatement amount, and by providing her trial counsel with funds to be held for the stated intention of paying the reinstatement amount.

In her petition for reinclusion in the foreclosure mediation program, the defendant argued that the parties would benefit from the assistance of the mediator in determining the proper reinstatement figure due to "the [p]laintiff's recent major adjustment to the reinstatement and representations that prior reinstatements included amounts that would be credited back once paid . . . ."

On April 5, 2019, the plaintiff filed an objection directed to both the defendant's motion to open the judgment and the petition for reinclusion in the foreclosure mediation program. In its objection, the plaintiff noted the defendant's multiple attempts to open the judgment and either vacate the judgment or extend the law day. The plaintiff contended that the defendant's participation in the mediation program during the prior years was unproductive and fruitless. The plaintiff argued further that the request for mediation was simply an attempt to delay the proceedings in the case. The plaintiff also contended that the issues raised in the defendant's motion to open the judgment were moot, as the issues previously had been addressed and ruled on by the court when it rendered judgment on August 21, 2017, and made a finding as to the amount of the debt owed by the defendant.

On April 8, 2019, the defendant's motion and petition were denied by the court, *Dubay*, *J*. This appeal followed.

After filing her appeal, the defendant filed a motion for articulation, which was granted by the court. In its articulation, the court noted that the defendant had filed several motions to open the judgment. Additionally, the court stated that the motion to open and vacate the judgment or extend the law day and the petition for reinclusion in the mediation program were denied due to the reasons set forth in the plaintiff's April 5, 2019 objection, which included the failure to show good cause as required and the court previously having made a finding of fact as to the amount of the debt owed without any timely objection being filed by the defendant. Lastly, the court stated that referral to mediation for a third time "seemed assuredly fruitless."

I

The defendant's first claim on appeal is that the court abused its discretion in denying her motion to open the judgment and vacate or extend the law day. The defendant argues that there was good cause to open the judgment because General Statutes § 49-15 provides for modifying a judgment in order to achieve an outcome fairer to the parties based on the conditions that were present at the time the motion was decided. We are not persuaded.

Section 49-15 (a) (1) provides that "[a]ny judgment foreclosing the title to real estate by strict foreclosure may, at the discretion of the court rendering the judgment, upon the written motion of any person having an interest in the judgment and for cause shown, be opened and modified, notwithstanding the limitation imposed by section 52-212a, upon such terms as to costs as the court deems reasonable, provided no such judgment shall be opened after the title has become absolute in any encumbrancer except as provided in

subdivision (2) of this subsection."

"Unlike General Statutes § 52-212, which provides for opening default judgments generally and requires a defaulted defendant to show that he had a good defense that he was prevented from making by mistake, accident or other reasonable cause, § 49-15 prescribes only four conditions for opening a judgment of strict foreclosure: (1) that the motion be in writing; (2) that the movant be a person having an interest in the property; (3) that the motion be acted upon before an encumbrancer has acquired title; and (4) that cause, obviously good cause, be shown for opening the judgment." (Internal quotation marks omitted.) *Farmers & Mechanics Savings Bank* v. *Sullivan*, 216 Conn. 341, 352–53, 579 A.2d 1054 (1990).

In order to be entitled to an opening of a judgment pursuant to § 49-15, the movant bears the burden of establishing the existence of good cause. See *Connecticut National Bank* v. *Zuckerman*, 29 Conn. App. 541, 546, 616 A.2d 814 (1992). "[G]ood cause for opening a [judgment] pursuant to § 49-15 . . . cannot rest entirely upon a showing that the original foreclosure judgment was erroneous. Otherwise that statute would serve merely as a device for extending the time to appeal from the judgment." (Internal quotation marks omitted.) *USAA Federal Savings Bank* v. *Gianetti*, 197 Conn. App. 814, 820, 232 A.3d 1275 (2020).

"Our review of a trial court's denial of a motion to open a judgment of strict foreclosure, which was filed more than twenty days after notice of the underlying judgment, is narrow.[2] Generally, an appeal must be filed within twenty days of the date notice of the judgment or decision is given. . . . In the context of an appeal from the denial of a motion to open judgment, [i]t is well established in our jurisprudence that [w]here an appeal has been taken from the denial of a motion to open, but the appeal period has run with respect to the underlying judgment, [this court] ha[s] refused to entertain issues relating to the merits of the underlying case and ha[s] limited our consideration to whether the denial of the motion to open was proper. . . . When a motion to open is filed more than twenty days after the judgment, the appeal from the denial of that motion can test only whether the trial court abused its discretion in failing to open the judgment and not the propriety of the merits of the underlying judgment. . . . Because opening a judgment is a matter of discretion, the trial court [is] not required to open the judgment to consider a claim not previously raised. The exercise of equitable authority is vested in the discretion of the trial court and is subject only to limited review on appeal." (Citation omitted; footnote added; footnote omitted; internal quotation marks omitted.) *Bank of America, N.A.* v. *Grogins*, 189 Conn. App. 477, 483–84, 208 A.3d 662, cert. denied, 332 Conn. 902, 208 A.3d 659 (2019). Conse-

quently, "the action of the trial court will not be disturbed on appeal unless it acted unreasonably and in clear abuse of its discretion." (Internal quotation marks omitted.) *Walton* v. *New Hartford*, 223 Conn. 155, 169, 612 A.2d 1153 (1992). "In reviewing claims that the trial court abused its discretion, great weight is given to the trial court's decision and every reasonable presumption is given in favor of its correctness. . . . We will reverse the trial court's ruling only if it could not reasonably conclude as it did." (Internal quotation marks omitted.) *Wells Fargo Bank, N.A.* v. *Ruggiri*, 164 Conn. App. 479, 485, 137 A.3d 878 (2016).

The defendant asserts a variety of arguments in support of her claim. The defendant argues that the reinstatement of the mortgage would avoid foreclosure while making the lender whole for missed payments and associated costs. She contends that the conditions at the time of the motion favored opening the judgment because she had obtained the funds needed to reinstate the mortgage, and she further contends that she was justified in questioning the plaintiff's reinstatement quote. The defendant also argues that the conditions existing at the time of each of her eight motions were dissimilar. She states that she moved to open the judgment for an eighth time because the plaintiff repeatedly refused to provide documentation to explain its charges and credits "after admitting its practice of demanding more in a reinstatement quote than was owed and claiming that the $15,075 difference in [reinstatement] quotes came from an extra suspense balance credit . . . ." Last, the defendant argues that the law of the case doctrine did not preclude the court from departing from its finding of debt in its original judgment because the figures in the affidavit of debt underlying the debt finding are erroneous.

In response, the plaintiff argues that the court properly denied the defendant's motion to open the judgment because the court considered the finding of the amount of the debt made when the court rendered judgment on August 21, 2017, the defendant's noncompliance with the terms of her loan modification, and the explanations for her delays, and it properly concluded that the defendant did not show the requisite good cause. The plaintiff argues further that the parties never settled on a reinstatement figure and that opening the judgment would have been futile.

On review, we conclude that the court did not act unreasonably and in clear abuse of its discretion in denying the defendant's motion to open. In the August 21, 2017 judgment, the trial court made a finding as to the amount of debt, which the defendant did not challenge on appeal or in her first four motions to open. Her claims that the trial court abused its discretion are premised on her assertion that the court's finding as to the amount of the debt, made at the time it rendered

judgment, was erroneous. In essence, the defendant wants to use her motion to open and her petition for reinclusion in lieu of a timely appeal to challenge the underlying judgment. This she cannot do. As noted previously in this opinion, an appeal from the denial of a motion to open cannot be used to challenge the propriety of the merits of the underlying judgment. *USAA Federal Savings Bank* v. *Gianetti*, supra, 197 Conn. App. 820; *Bank of America, N.A.* v. *Grogins*, supra, 189 Conn. App. 484. Consequently, the court's denial of the motion to open because it challenged for the first time the court's previously made finding as to the amount of the debt was in no way an abuse of discretion.

In addition, the court's denial of the last motion to open cannot be considered an abuse of discretion given the numerous opportunities, after the judgment of strict foreclosure was rendered, that the defendant was given to either complete a modification of the mortgage note or to reinstate the note. From October, 2017 to May, 2018, the trial court granted three of the defendant's motions to open the judgment on the basis of the defendant's contentions that she was seeking a modification of the mortgage note. In August, 2018, the defendant filed a fourth motion to open the judgment, which the court granted, contending that her prior loan modification efforts were unsuccessful because she did not have the $23,000 lump sum payment the plaintiff demanded, she would have such funds within thirty to sixty days, and she was prepared to reinstate the mortgage once she obtained such funds. In addition, although she noted in her motion that she had requested from the plaintiff "a more specific breakdown of the reinstatement figures" to "ensure that no overpayment will be made," she did not claim that the amount of the debt, as found by the court in August, 2017, was incorrect.

It was not until the defendant's fifth motion to open, filed on November 7, 2018, that the defendant asserted that the escrow fees claimed by the plaintiff for condominium association fees it paid on behalf of the defendant were overstated.[3] The plaintiff objected to the motion, noting that the fees in question were paid by the plaintiff in 2011, and were part of the debt found by the court in the August 21, 2017 judgment. Consequently, the plaintiff argued that the defendant could no longer dispute the amount of such fees. The court denied the motion to open but, nonetheless, extended the defendant's law day. The same result occurred with respect to the defendant's sixth and seventh motions to open; the motions were denied, but the defendant's law day was extended, giving her additional time to reinstate the mortgage note. It was only in response to the defendant's eighth motion to open, filed on March 27, 2019, more than eighteen months after the court rendered the judgment of strict foreclosure, that the court denied the motion and did not extend the defendant's law day.

In light of the numerous opportunities that the court gave the defendant to resolve this matter postjudgment, either by way of modification or reinstatement, and in light of the fact that the only reason the defendant has not reinstated the mortgage note is her desire to dispute portions of the debt owed that were determined by the court when it rendered judgment, we cannot conclude that the court's denial of the defendant's eighth motion to open constituted an abuse of discretion.

II

The defendant's second claim on appeal is that the trial court abused its discretion in denying her petition for reinclusion in the foreclosure mediation program. The defendant contends that the parties were likely to benefit from mediation because the only impediment to reinstatement was an agreement on the reinstatement amount. In addition, the defendant argues that there was a substantial change in circumstances because she obtained the funds to reinstate after the previous mediation.

"This court reviews mortgage foreclosure appeals under the abuse of discretion standard. . . . A foreclosure action is an equitable proceeding. . . . The determination of what equity requires is a matter for the discretion of the trial court. . . . In determining whether the trial court has abused its discretion, we must make every reasonable presumption in favor of the correctness of its action. . . . Our review of a trial court's exercise of the legal discretion vested in it is limited to the questions of whether the trial court correctly applied the law and could reasonably have reached the conclusion that it did." (Internal quotation marks omitted.) *Bayview Loan Servicing, LLC* v. *Park City Sports, LLC*, 180 Conn. App. 765, 780, 184 A.3d 1277, cert. denied, 330 Conn. 901, 192 A.3d 426 (2018).

General Statutes § "9-31*l* (c) (5) provides in relevant part that the court may refer a foreclosure action brought by a mortgagee to the foreclosure mediation program at any time, for good cause shown . . . . When determining whether good cause exists, the court shall consider whether the parties are likely to benefit from mediation and, in the case of a referral after prior attempts at mediation have been terminated, whether there has been a material change in circumstances. Therefore, for a referral after prior attempts at mediation have been terminated, showing good cause requires showing both that the parties are likely to benefit from mediation and that a material change in circumstances has occurred." (Internal quotation marks omitted.) *U.S. Bank, N.A.* v. *Morawska*, 165 Conn. App. 421, 425–26, 139 A.3d 747 (2016).

In the present case, the record shows that the defendant was given two opportunities to participate in the foreclosure mediation program and that those opportu-

nities failed to yield a fruitful result. Furthermore, the plaintiff made it clear to the court in its opposition to the petition for reinclusion that it would not engage in any further discussions regarding the amount due from the defendant to reinstate the mortgage because that amount had been determined finally by the court when it rendered judgment on August 21, 2017. Thus, we conclude, on the basis of our review of the record, that the trial court acted well within its discretion in denying the petition for reinclusion on the ground that the defendant had not shown that the parties were likely to benefit from mediation.

The judgment is affirmed and the case is remanded for the purpose of setting new law days.

In this opinion the other judges concurred.

[1] The following entities were also named as defendants: Connecticut Orthopaedic Specialist; Glenwood Place of Farmington Association, Inc.; Medical Imaging Center, PC; The Hospital of Central Connecticut at New Britain General and Bradley Memorial; and UConn Health Center Anesthesiology. Susann T. McCarthy, also known as Susann McCarthy and Susan McCarthy, is the only defendant participating in this appeal. For clarity, we refer to Susann T. McCarthy as the defendant.

[2] In this case, the judgment of strict foreclosure was rendered on August 21, 2017, and the defendant did not appeal from that judgment. The defendant's first motion to open was not filed until October 16, 2017.

[3] The defendant had asserted in her first motion to open that good cause existed to open the judgment because her default was the result of an increase in her mortgage payment that arose "due to [the plaintiff] having paid condominium association fees that had been disputed on and off over the years for various reasons." Subsequent to the first motion to open, the defendant did not raise this issue again until the defendant's fifth motion to open, filed on November 7, 2018, when she, for the first time, clearly articulated that she believed the plaintiff was overcharging her for such fees.