BRENDA J. GIBBS *v.* DAVID M. SPINNER,
ADMINISTRATOR (ESTATE OF
JOSEPH C. SILLS, SR.), ET AL.
(AC 27429)

Schaller, DiPentima and McLachlan, Js.

---

Argued June 4—officially released September 4, 2007

*Brenda J. Gibbs*, pro se, the appellant (plaintiff).

*David M. Spinner*, pro se, the appellee (named defendant).

*Opinion*

DiPENTIMA, J. This case arises from the Probate Court's denial of a petition for approval of a real estate purchase agreement between the plaintiff, Brenda J. Gibbs, and the executor of the estate of Joseph C. Sills, Sr. (decedent), Jerome C. Sills. The plaintiff now appeals from the trial court's (1) denial of her motion to open the judgment dismissing her appeal from the Probate Court's order and (2) denial of her motion to reargue its denial of her motion to open the judgment.[1]

---

[1] The plaintiff characterized the second motion as a motion to set aside the judgment. Despite her characterization of the motion, on appeal we examine the substance of the relief sought and the practical effect of the responsive ruling to determine the nature of the motion. See *In re Haley B.*, 262 Conn. 406, 412–13, 815 A.2d 113 (2003). In her second motion, the plaintiff claimed that the trial court misconstrued the law in denying her motion to open the judgment. Accordingly, we review the February 6, 2006 motion as a motion to reargue. See *Opoku* v. *Grant*, 63 Conn. App. 686, 692–93, 778 A.2d 981 (2001).

The plaintiff claims that the trial court abused its discretion by denying her request for an evidentiary hearing on her motion to open the judgment on the basis of fraud. We affirm the judgment of the trial court.

The following facts and procedural history inform our disposition of the plaintiff's appeal. The decedent died testate on June 5, 2001. On November 5, 2001, the Probate Court of Woodbridge admitted the decedent's last will and testament to probate, and in accordance with the provisions of the will, appointed the decedent's son, Jerome Sills, executor of the estate. On September 27, 2002, the plaintiff signed an agreement to purchase real estate from the decedent's estate, subject to the approval of the Probate Court. Pursuant to his authority under the will, the executor signed the purchase agreement. Subsequently, the executor died in March, 2003. In his place, the Probate Court appointed the defendant David M. Spinner, Esq., as Administrator c.t.a., d.b.n. of the estate on July 9, 2003.[2] On October

[2] Because Spinner is the only defendant involved in this appeal, we refer to him as the defendant in this opinion. In response to a question from the court at oral argument, the defendant stated that he is an attorney representing himself in his fiduciary capacity as administrator of the estate. In other words, he claimed to appear pro se as administrator of the estate. It is not clear whether the fiduciary of an estate properly may file a pro se appearance. Compare *Weiner* v. *D'Acunto*, Superior Court, judicial district of Stamford-Norwalk, Docket No. CV-98-0163643-S (August 12, 1998) (22 Conn. L. Rptr. 561) (striking pro se appearance by fiduciary of estate because he represented beneficiaries of estate, not his own cause) with *O'Brien* v. *Wilson-Coker*, Superior Court, judicial district of New Britain, Docket No. CV-03-0522346-S (January 12, 2004) (36 Conn. L. Rptr. 614) (articulating that fiduciary of estate may appear pro se because he transacts business of estate, not in representative capacity, but on his own credit, as estate is not legal entity). Fiduciaries have appeared pro se before this court without objection by the court or opposing parties. See, e.g., *Cantor* v. *Dept. of Income Maintenance*, 12 Conn. App. 435, 436 n.1, 531 A.2d 606 (1987). Because the defendant is an attorney and properly may file an appearance in a representative capacity, we need not decide whether he may appear pro se as the fiduciary of the estate. Further, the resolution of the claims before this court does not turn on this issue.

24, 2003, the defendant petitioned the Probate Court for approval of the purchase agreement between the executor and the plaintiff. Following a hearing on November 19, 2003, the Probate Court, *Horowitz, J.*, issued a written order on December 1, 2003, denying the defendant's petition because the contract price for the real estate was well below its fair market value.

On December 31, 2003, the Probate Court granted the plaintiff's motion to appeal from its order. The plaintiff then filed her appeal in the trial court on or about January 27, 2004, followed by her reasons for appeal on October 13, 2004. The trial court, *Lopez, J.*, held a hearing on May 13, 2005, and issued a memorandum of decision dismissing the plaintiff's appeal on July 20, 2005. The plaintiff filed a motion to set aside the court's memorandum of decision on August 1, 2005. The court treated this motion as a motion to reargue and denied the relief requested on August 2, 2005.

On January 11, 2006, the plaintiff filed a motion to open the judgment dismissing her appeal, alleging fraud and jurisdictional defect. The trial court held a hearing on that motion on January 30, 2006, which the plaintiff did not attend. The court denied the motion to open the judgment. On February 6, 2006, the plaintiff filed, and the court, *Lager, J.*,[3] denied, a motion to reargue the motion to open the judgment. The plaintiff filed this appeal on February 27, 2006.

I

The plaintiff claims on appeal that the trial court abused its discretion by denying (1) her motion to open

---

[3] The parties appeared in court on February 6, 2006, for a scheduled hearing on the defendant's motion to dissolve a lis pendens. On that date, in addition to a motion to reargue, the plaintiff filed a motion to disqualify Judge Lopez. Accordingly, Judge Lopez transferred the file to Judge Lager. Judge Lager then addressed and denied the plaintiff's motion for judicial disqualification before ruling on the motion to reargue and the motion to dissolve the lis pendens.

the judgment, filed January 11, 2006, and (2) her motion to reargue the denial of her motion to open the judgment, filed February 6, 2006. As a threshold matter, we note that the plaintiff has not provided this court with an adequate record to review the denial of the motion to open the judgment. We do not have before us a written memorandum or articulation of the basis for the court's denial of the motion to open the judgment. See Practice Book § 61-10. Thus, we cannot assess whether the court exercised proper discretion in denying this motion. See *Hartford* v. *Pan Pacific Development (Connecticut), Inc.*, 61 Conn. App. 481, 488, 764 A.2d 1273, cert. denied, 256 Conn. 913, 772 A.2d 1126 (2001). Accordingly, we decline to review the plaintiff's claim that the trial court improperly denied the motion to open the judgment.[4]

## II

The plaintiff next claims that the trial court improperly denied her motion to reargue the denial of her

[4] The defendant argues that the plaintiff's claim is untimely. We disagree. The denial of a motion to open is an appealable final judgment. *Mailly* v. *Mailly*, 13 Conn. App. 185, 188, 535 A.2d 385 (1988).

Practice Book § 63-1 (c) (1) provides in relevant part: "If a motion is filed within the appeal period that, if granted, would render the judgment . . . ineffective . . . a new twenty-day period . . . for filing the appeal shall begin on the day that notice of the ruling is given on the last such outstanding motion . . . .

"Motions that, if granted, would render a judgment . . . ineffective include, but are not limited to, motions that seek . . . reargument of the judgment or decision . . . .

"Motions that do not give rise to a new appeal period include those that seek . . . reargument of [motions to open a judgment]. . . ."

Thus, although a motion to reargue a motion to open does not extend the appeal period to challenge the merits of the underlying judgment, the timely filing of a motion to reargue the denial of a motion to open the judgment does give rise to a new twenty day appeal period to challenge the denial of the motion to open. See *Tiber Holding Corp.* v. *Greenberg*, 36 Conn. App. 670, 652 A.2d 1063 (1995). The court issued notice of its denial of the motion to open the judgment on January 30, 2006. The plaintiff's motion to reargue, filed February 6, 2006, created a new appeal period for purposes of reviewing the court's ruling on her motion to open the judgment.

motion to open the judgment. We review the court's ruling for abuse of discretion. See *Stein* v. *Horton*, 99 Conn. App. 477, 488, 914 A.2d 606 (2007). "[A]s with any discretionary action of the trial court, appellate review requires every reasonable presumption in favor of the action, and the ultimate issue for us is whether the trial court could have reasonably concluded as it did. . . . In addition, where a motion is addressed to the discretion of the court, the burden of proving an abuse of that discretion rests with the appellant." (Internal quotation marks omitted.) Id.

"[T]he purpose of a reargument is . . . to demonstrate to the court that there is some decision or some principle of law which would have a controlling effect, and which has been overlooked, or that there has been a misapprehension of facts. . . . It also may be used to address . . . claims of law that the [movant] claimed were not addressed by the court. . . . [A] motion to reargue [however] is not to be used as an opportunity to have a second bite of the apple . . . ." (Citations omitted; internal quotation marks omitted.) *Opoku* v. *Grant*, 63 Conn. App. 686, 692–93, 778 A.2d 981 (2001).

In support of her motion to reargue, the plaintiff claimed that the court improperly denied her an evidentiary hearing on the issue of fraud, which formed the basis for her motion to open the judgment.[5] Our review

The plaintiff filed this appeal on February 27, 2006, within the new appeal period created by her motion to reargue. Thus, this appeal was filed timely for purposes of reviewing the denial of the motion to open the judgment.

[5] The plaintiff relies on *Davis* v. *Fracasso*, 59 Conn. App. 291, 299–300, 756 A.2d 325 (2000), in which this court held that "[w]hen a court's exercise of discretion depends on disputed factual issues, such as the existence of fraud, due process requires an evidentiary hearing."

The plaintiff further argues that the court improperly denied her motion to open the judgment without providing an evidentiary hearing because it improperly denied her request to continue the motion to open the judgment. We note that the hearing on the motion to open the judgment was held on January 30, 2006, at 9:30 a.m. The plaintiff did not file her motion to continue with the court clerk until 10:03 a.m. that morning. Further, the plaintiff concedes that she did not appear before the court until 10:15 a.m. Because

of the record reveals that the court gave the plaintiff an opportunity on January 30, 2006, to present evidence in support of her fraud claim, but she failed to attend the scheduled hearing. The court denied her motion to open the judgment in her absence. Further, at the hearing on the motion to reargue, the plaintiff failed to demonstrate that the court either misconstrued the facts or misapplied the law in denying her motion to open the judgment. We therefore conclude that the court exercised proper discretion in denying the plaintiff's motion to reargue.

The judgment is affirmed.

In this opinion the other judges concurred.

no motion to continue was pending before the court at 9:30 a.m., we conclude that the trial court properly addressed the plaintiff's motion to open the judgment at that time. See Practice Book § 11-16.