******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

COUNTRYWIDE HOME LOANS SERVICING L.P.
*v.* ALYSSA PETERSON ET AL.
(AC 37764)

Keller, Prescott and West, Js.

*Argued November 29, 2016—officially released March 28, 2017*

(Appeal from Superior Court, judicial district of
Middlesex, Domnarski, J. [judgment]; C. Taylor, J.
[motion to open; motion to reargue])

*Alyssa S. Peterson*, self-represented, the appellant
(named defendant).

*Christopher J. Picard*, for the appellee (substitute
plaintiff).

*Opinion*

PER CURIAM. The named defendant, Alyssa Peterson,[1] who represented herself before the trial court and continues to do so on appeal, challenges the judgment of the court (1) denying her motion to open the court's judgment of strict foreclosure, and (2) denying her motion to reargue the motion to open. The defendant's principal claim, and the only one we need address at length,[2] is that the court improperly declined to open the judgment of strict foreclosure in order to correct an erroneous determination of the debt owed by the defendant. We affirm the judgment of the court.

The operative facts underlying this appeal are as follows. On April 21, 2009, Countrywide Home Loans Servicing L.P. (Countrywide) commenced this action seeking foreclosure of a mortgage on property owned by the defendant in Middletown (property).[3] On May 26, 2010, the court granted Countrywide's motion for summary judgment as to liability only. Countrywide subsequently merged with another entity, which thereafter assigned the mortgage and note to the substituted plaintiff, Green Tree Servicing LLC (plaintiff). On December 22, 2014, the court rendered a judgment of strict foreclosure, finding a debt of $350,051.71 plus costs and fees, and setting the commencement of the law days for January 26, 2015. On January 26, 2015, the defendant moved to open the judgment, arguing, inter alia, that the trial court should recalculate the debt to reflect the fact that there was a private mortgage insurance policy[4] on the property. The court, without stating its reasons, denied the motion on the same day. On February 17, 2015, the defendant filed a motion to reargue the motion to open. The court denied that motion on February 19, 2015, again without providing its reasoning. The defendant appealed from the denial of both motions on March 11, 2015.

As a preliminary matter, we clarify the procedural posture of this appeal. As previously mentioned, on January 26, 2015, when the law days were set to commence, the defendant filed her motion to open, which the court denied on the same day. The denial of the motion to open was an appealable final judgment; see *TD Banknorth, N.A.* v. *White Water Mountain Resorts of Connecticut, Inc.*, 133 Conn. App. 536, 542 n.7, 37 A.3d 766 (2012); from which an automatic twenty day stay arose. See Practice Book §§ 61-11 (a) and 63-1 (a). The defendant filed her motion to reargue on the final day of the twenty day appeal period; see Practice Book § 63-1 (c); thereby giving rise to a new twenty day appeal period commencing upon the denial of the motion to reargue and extending the existing appellate stay. See *Gibbs* v. *Spinner*, 103 Conn. App. 502, 506 n.4, 930 A.2d 53 (2007). On the final day of the new appeal period, the defendant appealed from the denial of both motions to this court. The defendant's claims as to the motion to

open and her motion to reargue are therefore properly before this court. The defendant cannot, however, challenge the merits of the December 22, 2014 judgment of strict foreclosure in this appeal because she filed the motion to open on January 26, 2015—more than twenty days after the court rendered the judgment of strict foreclosure. See *Alix* v. *Leech*, 45 Conn. App. 1, 3–4, 692 A.2d 1309, 1311 (1997).

Before proceeding to our analysis of the defendant's claim, we address the plaintiff's argument that this court lacks subject matter jurisdiction over the appeal on mootness and ripeness grounds. As to mootness, the plaintiff's reasoning proceeds as follows: the defendant did not place her motion to open on the short calendar pursuant to Practice Book § 11-13 (a); therefore, the trial court was without authority to hear the motion; hence the law day has passed and title has vested in the plaintiff, meaning that this court cannot afford the defendant any practical relief. We disagree.

Practice Book § 11-13 (a) provides in relevant part: "Unless otherwise provided in these rules or ordered by the judicial authority . . . all motions and objections to requests when practicable . . . must be placed on the short calendar list. No motions will be heard which are not on said list and ought to have been placed thereon; provided that any motion in a case on trial, or assigned for trial, may be disposed of by the judicial authority at its discretion, or ordered upon the short calendar list on terms, or otherwise." Thus, § 11-13 (a) "allows for the expeditious, alternative, discretionary hearing of motions. The court need not place a motion on a short calendar list if to do so would delay the proceedings." *Udolf* v. *West Hartford Spirit Shop, Inc.*, 20 Conn. App. 733, 736, 570 A.2d 240 (1990). The court's ruling on the defendant's motion to open was, impliedly, a determination that calendaring the matter would unnecessarily delay the proceeding, and therefore was not improper.[5] The plaintiff's reliance on *Fattibene* v. *Kealey*, 18 Conn. App. 344, 558 A.2d 677 (1989), is misplaced. In *Fattibene*, the defendant's motion to impose sanctions of attorney's fees was granted by the trial court before the plaintiff could file an objection and despite never having been placed on the short calendar. Id., 352–53. In the present case, however, the plaintiff suffered no such harm because the defendant's motion to open was summarily denied. The defendant's motion to open, therefore, was not required to be placed on the short calendar. Accordingly, the defendant's appeal is not moot.

Nor do we conclude that, as the plaintiff contends, the appeal is unripe. "[T]he rationale behind the ripeness requirement is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements . . . [and we therefore] must be satisfied that the case before [us] does not

present a hypothetical injury or a claim contingent upon some event that has not and indeed may never transpire." (Internal quotation marks omitted.) *Office of the Governor* v. *Select Committee of Inquiry*, 271 Conn. 540, 570, 858 A.2d 709 (2004). The plaintiff argues that this appeal should be dismissed on ripeness grounds because the defendant's claim involves the proper calculation of the amount of the deficiency, and the court has yet to render a deficiency judgment. See General Statutes § 49-14. The plaintiff continues: "[The defendant] sets forth in her brief that the primary concern was the determination of any deficiency balance due to . . . her chapter 13 bankruptcy plan." We disagree because we decline to read the defendant's claim so narrowly. Whether her ultimate aim is to have the deficiency judgment, if and when rendered, reduced to reflect the fact that the plaintiff's loss has been partially satisfied from the proceeds of a private mortgage insurance policy on the property, the defendant is at this stage merely seeking recalculation of the debt that the court found in its judgment of strict foreclosure. Because the amount of the debt has already been determined by the trial court, our consideration of this issue is not premature even though a deficiency judgment has not been formally rendered.[6] Accordingly, the defendant's appeal is ripe for adjudication.

We now turn to the defendant's principal claim. She argues that the court should have opened the judgment of strict foreclosure in order to recalculate the debt to reflect that (1) the plaintiff had collected, or will collect, a portion of the outstanding debt under a private mortgage insurance policy on the property; and (2) the defendant, for a period of time, paid premiums on the policy. The defendant asserts that she paid premiums on the policy before declaring chapter 13 bankruptcy, and that the plaintiff paid, and may be continuing to pay, the premiums after the bankruptcy.

The following legal principles guide our analysis. "Any judgment foreclosing the title to real estate by strict foreclosure may, at the discretion of the court rendering the judgment, upon the written motion of any person having an interest in the judgment and for cause shown, be opened and modified, notwithstanding the limitation imposed by section 52-212a, upon such terms as to costs as the court deems reasonable, provided no such judgment shall be opened after the title has become absolute in any encumbrancer except as provided in subdivision (2) of this subsection." General Statutes § 49-15 (a) (1).

"A motion to open a judgment of strict foreclosure is addressed to the discretion of the trial court . . . and unless that discretion was abused or was based upon some error in law, the denial of the motion must stand." (Citation omitted; internal quotation marks omitted.) *New Haven Savings Bank* v. *Gurland*, 3 Conn.

App. 508, 508–509, 489 A.2d 1070 (1985). "Because opening a judgment is a matter of discretion, the trial court [is] not required to open the judgment to consider a claim not previously raised. The exercise of equitable authority is vested in the discretion of the trial court and is subject only to limited review on appeal. . . . In light of the extremely deferential standard of review governing the disposition of new claims raised posttrial and without the benefit of the trial court's reasoning as to those claims . . . the defendant's arguments are entitled to brief consideration only." (Citations omitted; footnote omitted; internal quotation marks omitted.) *Chapman Lumber, Inc.* v. *Tager*, 288 Conn. 69, 94–95, 952 A.2d 1 (2008).

As to an appeal from the denial of a motion to reargue, "[a]s with any discretionary action of the trial court, appellate review requires every reasonable presumption in favor of the action, and the ultimate issue for us is whether the trial court could have reasonably concluded as it did. . . . [T]he purpose of a reargument is . . . to demonstrate to the court that there is some decision or some principle of law which would have a controlling effect, and which has been overlooked, or that there has been a misapprehension of facts. . . . It also may be used to address . . . claims of law that the [movant] claimed were not addressed by the court. . . . [A] motion to reargue [however] is not to be used as an opportunity to have a second bite of the apple . . . ." (Citation omitted; internal quotation marks omitted.) *Gibbs* v. *Spinner*, supra, 103 Conn. App. 507.

The defendant has failed to demonstrate that the court abused its discretion or committed an error of law in denying the motion to open. We observe that the defendant waited until after the judgment of strict foreclosure had been rendered and the law days were about to run to challenge the finding of debt on the basis of the existence of private mortgage insurance. See *Connecticut National Bank* v. *N.E. Owen II, Inc.*, 22 Conn. App. 468, 475, 578 A.2d 655 (1990) ("The defendants never asserted a defense with regard to the debt prior to the rendering of the judgment of strict foreclosure. Therefore, any claim that they had a good defense to open that judgment and challenge the amount of the debt is equally without merit."). The defendant was undoubtedly aware of the existence of the private mortgage insurance before the court rendered the judgment of strict foreclosure—after all, she takes credit in her brief for having the "foresight to obtain said insurance."[7] Additionally, in her motion to open, the defendant provided no evidence, save for unsubstantiated assertions, of the existence of the mortgage insurance policy, or any proof that the plaintiff or Countrywide had actually collected under such policy. The defendant provided the following explanations as to why she did not assert this defense until after the judgment of strict foreclosure: "[T]he law day was set rather quickly and arrang-

ing to meet with bankruptcy legal counsel, attempting to locate the private mortgage policy, contact the proposed sale parties . . . has been ill-timed." "Although we are inclined to be indulgent of lay persons like the defendant who represent themselves in legal proceedings"; *Burritt Mutual Savings Bank of New Britain* v. *Tucker*, 183 Conn. 369, 373, 439 A.2d 396 (1981); we are not persuaded by any of the preceding explanations that the court abused its discretion in denying the defendant's motion to open. On the basis of the foregoing, we conclude that the court's denial of the motion to open was a proper exercise of discretion. Additionally, because the defendant has not shown that her motion to reargue was anything more than an attempt to have a second bite of the apple; *Gibbs* v. *Spinner*, supra, 103 Conn. App. 507; we conclude that the court did not abuse its discretion in denying that motion as well.

The judgment is affirmed and the case is remanded with direction to set new law days.

[1] Sherri Truelove, Homeowners Finance Co., and Professional Electric Corporation were also defendants in the proceeding before the trial court. The court defaulted those defendants for failure to appear. Truelove subsequently filed an answer to the complaint and a motion to set aside the default, which the court granted. Peterson is the sole appellant in the present appeal and will be referred to herein as the defendant.

[2] We summarily dispose of the defendant's other claims, which appear to involve requests that this court coordinate with, or enforce orders purportedly given by, the federal district court before which the defendant is pursuing chapter 13 bankruptcy relief. Such matters are not within the purview of this court.

[3] Shortly after bringing this action, Countrywide changed its name to BAC Home Loans Servicing, L.P., which was then substituted as the plaintiff. For purposes of this appeal, however, we refer to both as Countrywide.

[4] "'Mortgage insurance' means insurance written by an independent mortgage insurance company to protect the mortgage lender against loss incurred in the event of a default by a borrower under the mortgage loan . . . ." General Statutes § 36a-725.

[5] We acknowledge that the court, in acting expeditiously on the motion on the law day, preserved the defendant's right to maintain the motion to open and appeal its denial. Had the court not acted on the motion that day, the court would have lost subject matter jurisdiction over the motion. See General Statutes § 49-15 (a) (1) ("[a]ny judgment foreclosing the title to real estate by strict foreclosure may . . . be opened and modified . . . *provided no such judgment shall be opened after the title has become absolute in any encumbrancer*" [emphasis added]); *First National Bank of Chicago* v. *Luecken*, 66 Conn. App. 606, 612, 785 A.2d 1148 (2001) ("if the court did not hear the defendant's first motion to open prior to the vesting of title in the plaintiff, the trial court was without jurisdiction to open the judgment"), cert. denied, 259 Conn. 915, 792 A.2d 851 (2002).

[6] Although the defendant failed to present a defense as to the amount of the debt prior to the entry of the judgment of strict foreclosure, we are aware of no procedural barrier preventing her from attempting to assert such a defense in a timely filed motion to open the judgment of strict foreclosure. In fact, even if the plaintiff were to prevail on its ripeness argument, thereby requiring the defendant to wait until the entering of a deficiency judgment to interpose her claim as to the private mortgage insurance, we are not persuaded that the defendant could raise such claim at that later time. See *First Bank* v. *Simpson*, 199 Conn. 368, 373, 507 A.2d 997 (1986) ("[the] deficiency judgment procedure presumes the amount of the debt as established by the foreclosure judgment and merely provides for a hearing on the value of the property").

[7] Although the defendant asserts on appeal that "[i]t wasn't known that the policy was still in force until [she] began receiving tax documents regarding the benefit, years later," she did not distinctly make this argument before the trial court. Moreover, even if such statement were accurate, the

defendant has not explained, nor is it readily apparent to us, how she was unable, with due diligence, to ascertain whether the insurance policy was still in force before the entry of the judgment of strict foreclosure.

—————————————————————