******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

*Syllabus*

The defendant T Co. appealed to this court from the judgment of the trial
court determining that it lacked subject matter jurisdiction to consider
T Co.'s motion to reargue or to reconsider the trial court's prior denial
of T Co.'s motion to open a judgment of strict foreclosure. The defendant
R Co. had defaulted on a promissory note and mortgage it executed in
favor of the plaintiff concerning a parcel of real property. The trial court
rendered judgment of strict foreclosure in favor of the plaintiff and set
the law day to run on May 20, 2019. R Co. did not file a timely appeal
from the judgment but, on May 15, 2019, filed a motion to open and
vacate the judgment. The court denied R Co.'s motion to open and set
a new law day for June 24, 2019. On June 10, 2019, pursuant to the
applicable rule of practice (§ 11-11) and within the twenty day appellate
stay period, R Co. filed a motion to reargue or to reconsider the court's
denial of its motion to open. The court denied the motion to reargue
on July 3, 2019, and notice of the court's ruling was sent to the parties
on July 5, 2019. The plaintiff thereafter filed a certificate of foreclosure
on the land records and quitclaimed the property to another entity. On
December 7, 2020, pursuant to statute (§ 49-15), T Co. filed a motion
to open and vacate the foreclosure judgment. T Co. claimed that title
to the property had never passed to the plaintiff because the June 24,
2019 law day fell within the twenty day appellate stay period and the
parties did not receive notice of the trial court's denial of R Co.'s motion
to reargue until July 5, 2019. The trial court concluded that T Co.'s
motion to open was moot because the filing of R Co.'s motion to reargue
did not stay the June 24, 2019 law day and, thus, absolute title had
vested in the plaintiff on the passing of the June 24, 2019 law day. *Held*
that the trial court erred in determining that it was without subject matter
jurisdiction to hear T Co.'s motion to open and vacate the foreclosure
judgment: under the applicable rule of practice (§ 63-1 (b)), R Co.'s
timely filing of its motion to reargue the court's denial of R Co.'s motion
to open and vacate the foreclosure judgment triggered the automatic
stay provision in the applicable rule of practice (§ 61-11 (a)) until the
parties received notice of the court's ruling on R Co.'s motion to reargue
on July 5, 2019, and, because the June 24, 2019 law day fell within the
extended appellate stay period, the June 24, 2019 law day had no legal
effect and could not vest absolute title in the plaintiff; accordingly, the
trial court retained jurisdiction to decide T Co.'s motion to open and
vacate the foreclosure judgment.

Submitted on briefs December 8, 2021—officially released August 30, 2022

*Procedural History*

Action to foreclose a mortgage on certain of the
named defendant's real property, and for other relief,
brought to the Superior Court in the judicial district of
Hartford, where the court, *Dubay, J.*, rendered judg-
ment of strict foreclosure; thereafter, the court, *Sheri-
dan, J.*, denied the named defendant's motion to open
and vacate the judgment; subsequently, the court,
*Dubay, J.*, denied the named defendant's motion to
reargue or to reconsider the denial of its motion to
open and vacate the judgment; thereafter, the court, *M.
Taylor, J.*, denied the motion filed by the defendant
Traditions Oil Group, LLC, to open and vacate the judg-
ment; subsequently, the court, *M. Taylor, J.*, denied the

motion filed by the defendant Traditions Oil Group, LLC, to reargue or to reconsider the denial of its motion to open and vacate the judgment, and the defendant Traditions Oil Group, LLC, appealed to this court. *Reversed*; *further proceedings*.

*Elio Morgan* filed a brief for the appellant (defendant Traditions Oil Group, LLC).

*Opinion*

CRADLE, J. The defendant Traditions Oil Group, LLC,[1] appeals from the judgment of the trial court denying its motion to reargue/reconsider the court's denial of its motion to open the judgment of strict foreclosure rendered in favor of the plaintiff, Lending Home Funding Corporation. On appeal, the defendant claims that the court incorrectly determined that it lacked subject matter jurisdiction to open the judgment of strict foreclosure on the ground that title already had vested in the plaintiff, thereby rendering the defendant's motion to open moot. We agree with the defendant and, accordingly, reverse the judgment of the trial court and remand the matter for further proceedings.[2]

The following facts and procedural history are relevant to our resolution of this appeal. On August 11, 2016, the defendant REI Holdings, LLC (REI), executed a promissory note in favor of the plaintiff for the principal sum of $247,500, secured by a mortgage on a parcel of real property located at 88 Dawn Drive in South Windsor (property). The defendant Wayne Francis also executed a commercial guaranty in which he personally guaranteed the loan. The defendant, REI, and Francis subsequently defaulted on the note, and the plaintiff commenced the underlying foreclosure action on April 27, 2018.

On October 23, 2018, the plaintiff filed a motion for default against the defendant for failure to disclose a defense, which the court, *Dubay, J.*, granted. On January 28, 2019, the court rendered judgment of strict foreclosure in favor of the plaintiff and set the law day to run on May 20, 2019. REI subsequently filed a motion to open and vacate the judgment of strict foreclosure (first motion to open) on May 15, 2019, claiming, inter alia, that the appraised value of the property, as found by the court, was too low. On May 20, 2019, the court, *Sheridan, J.*, denied the first motion to open and assigned a new law day for June 24, 2019.

On June 10, 2019, pursuant to Practice Book § 11-11,[3] REI filed a motion to reargue/reconsider the court's denial of the first motion to open (first motion to reargue/reconsider), again contending that the appraised value of the property was incorrect. The court, *Dubay, J.*, denied the first motion to reargue/reconsider on July 3, 2019, and notice of the court's ruling was sent to the parties on July 5, 2019.[4] On July 17, 2019, the plaintiff filed a certificate of foreclosure on the South Windsor land records. The plaintiff subsequently executed a quitclaim deed transferring the property to CFAI Special Assets LLC, which was recorded on the South Windsor land records.

On December 7, 2020, the defendant filed a motion to open and vacate the judgment of strict foreclosure (second motion to open) pursuant to General Statutes

§ 49-15.[5] In its memorandum of law in support of the second motion to open, the defendant argued that the court should open the judgment on the ground that title to the property never effectively passed to the plaintiff. Citing Practice Book § 63-1,[6] as well as our Supreme Court's decision in *Farmers & Mechanics Savings Bank* v. *Sullivan*, 216 Conn. 341, 579 A.2d 1054 (1990), the defendant claimed, inter alia, that REI's filing of the first motion to reargue/reconsider within the twenty day appellate stay period following the court's denial of the first motion to open extended the appellate stay until the parties received notice of the court's ruling on that motion on July 5, 2019. Because the June 24, 2019 law day fell within the alleged appellate stay period, the defendant argued, the law day had no legal effect and, consequently, title could not have passed to the plaintiff. Accordingly, the defendant claimed that the court's failure to "sua sponte reassign a legally effective law day" and the plaintiff's failure to "move the court to set a new law day outside the appeal period prior to its attempt to enforce the judgment" constituted good cause to open the judgment.

On February 16, 2021, the court, *M. Taylor, J.*, denied the defendant's motion to open on the ground that the court was without subject matter jurisdiction to hear the motion.[7] Specifically, the court determined that our Supreme Court in *Sullivan* had "relied upon the antiquated language of Practice Book [1978–97] § 4009, which stayed an appeal period until the issuance of notice of the decision upon the motion or the expiration of the time within which a remittitur is ordered filed. . . . This section of the Practice Book regarding the time for an appeal has been amended and is now codified in Practice Book § 63-1, which no longer provides for a continuance of a stay, awaiting a decision on an intervening motion." (Internal quotation marks omitted.) Accordingly, the court concluded that REI's filing of the first motion to reargue/reconsider did not stay the June 24, 2019 law day until that motion was decided and that absolute title vested in the plaintiff upon the passing of the law day, thereby rendering the defendant's motion moot. The defendant subsequently filed a motion to reargue/reconsider (second motion to reargue/reconsider), again contending that the law day fell within the appellate stay period and, therefore, title never effectively passed to the plaintiff.[8] The court denied the second motion to reargue/reconsider on February 16, 2021. This appeal followed.[9]

The dispositive issue on appeal is whether the court improperly concluded that it lacked subject matter jurisdiction to hear the second motion to open and vacate the judgment of strict foreclosure because absolute title had vested in the plaintiff following the June 24, 2019 law day. Specifically, we must determine whether REI's filing of the first motion to reargue/reconsider the court's denial of the first motion to open tolled the

automatic stay, pursuant to Practice Book § 61-11 (a),[10] until that motion was decided. We agree with the defendant that REI's filing of the first motion to reargue, pursuant to Practice Book §§ 11-11 and 63-1,[11] extended the appellate stay period until July 5, 2019, when the parties received notice of the court's ruling on that motion. See Practice Book 63-1 (b).[12] Because the June 24, 2019 law day fell within the extended appellate stay period, it had no legal effect and could not vest absolute title in the plaintiff. Accordingly, the court improperly determined that it did not have jurisdiction to hear the defendant's motion to open and vacate the judgment of strict foreclosure.

We begin by setting forth the standard of review and relevant legal principles that guide our resolution of the defendant's appeal. "Because the principal issue on appeal concerns questions of law, namely, subject matter jurisdiction and the scope of the appellate stay provisions in the rules of practice, our review is plenary." *Wells Fargo Bank of Minnesota, N.A.* v. *Morgan*, 98 Conn. App. 72, 78, 909 A.2d 526 (2006); see also *Chamerda* v. *Opie*, 185 Conn. App. 627, 637–38, 197 A.3d 982 ("A determination regarding a trial court's subject matter jurisdiction is a question of law. When . . . the trial court draws conclusions of law, our review is plenary and we must decide whether its conclusions are legally and logically correct and find support in the facts that appear in the record." (Internal quotation marks omitted.)), cert. denied, 330 Conn. 953, 197 A.3d 893 (2018); *Zirinsky* v. *Zirinsky*, 87 Conn. App. 257, 269, 865 A.2d 488 ("[w]e are required to interpret the scope of [the] rules of practice; accordingly, we are presented with a question of law over which our review is plenary"), cert. denied, 273 Conn. 916, 871 A.2d 372 (2005).

"The opening of judgments of strict foreclosure is governed by § 49-15, which provides in relevant part: Any judgment foreclosing the title to real estate by strict foreclosure may, at the discretion of the court rendering the judgment, upon the written motion of any person having an interest in the judgment and for cause shown, be opened and modified . . . *provided no such judgment shall be opened after the title has become absolute in any encumbrancer* . . . ." (Emphasis in original; internal quotation marks omitted.) *Deutsche Bank National Trust Co.* v. *Pardo*, 170 Conn. App. 642, 651–52, 155 A.3d 764, cert. denied, 325 Conn. 912, 159 A.3d 231 (2017).

"In Connecticut, a mortgagee has legal title to the mortgaged property and the mortgagor has equitable title, also called the equity of redemption. . . . The equity of redemption gives the mortgagor the right to redeem the legal title previously conveyed by performing whatever conditions are specified in the mortgage, the most important of which is usually the pay-

ment of money. . . . Under our law, an action for strict foreclosure is brought by a mortgagee who, holding legal title, seeks not to enforce a forfeiture but rather to foreclose an equity of redemption unless the mortgagor satisfies the debt on or before his law day. . . . Accordingly, [if] a foreclosure decree has become absolute by the passing of the law days, the outstanding rights of redemption have been cut off and the title has become unconditional in the plaintiff, with a consequent and accompanying right to possession." (Internal quotation marks omitted.) *Seminole Realty, LLC* v. *Sekretaev*, 192 Conn. App. 405, 414–15, 218 A.3d 198, cert. denied, 334 Conn. 905, 220 A.3d 35 (2019). "Thus, once the law day passes and title vests in the [plaintiff], no practical relief is available [p]rovided that this vesting has occurred pursuant to an authorized exercise of jurisdiction by the trial court . . . ." (Internal quotation marks omitted.) *Deutsche Bank National Trust Co.* v. *Pardo*, supra, 170 Conn. App. 652. In other words, "§ 49-15 (a) (1) . . . generally prohibits mortgagors from obtaining practical relief after the passage of the law days and, as a result, [renders] . . . postvesting motions to open a judgment . . . moot." *U.S. Bank National Assn.* v. *Rothermel*, 339 Conn. 366, 375, 260 A.3d 1187 (2021).[13]

On the other hand, it is well established that "law days that are set forth in a judgment of strict foreclosure can have no legal effect if an appellate stay is in effect because to give them legal effect would result in an extinguishment of the right of redemption pending appeal." *Sovereign Bank* v. *Licata*, 178 Conn. App. 82, 91 n.11, 172 A.3d 1263 (2017); see also *Continental Capital Corp.* v. *Lazarte*, 57 Conn. App. 271, 273–74, 749 A.2d 646 (2000) ("Law days are ineffective while the appeal period is pending. To conclude otherwise would be tantamount to depriving a party of judicial review and, therefore, of due process of law.").

In the context of strict foreclosure, our Supreme Court in *Farmers & Mechanics Savings Bank* v. *Sullivan*, supra, 216 Conn. 341, addressed the issue of whether a motion to open, filed pursuant to Practice Book (1978–97) § 4009,[14] the predecessor of Practice Book § 63-1, operated to toll the automatic stay period until that motion was decided. In so doing, the court in *Sullivan* distinguished between motions to open that are *timely filed* within the twenty day appellate period following the court's judgment of strict foreclosure and those that are untimely filed. See id., 348–50. When a motion is filed *after* the expiration of the twenty day appellate stay period, the motion must be heard, and not merely filed, prior to the vesting of title, for the court to retain jurisdiction over the motion. Id., 349–50. By contrast, when a motion is filed *within* the appellate stay period, the filing of the motion extends the stay period until that motion is decided, even when a law day is scheduled to run before the court has an opportunity to resolve the motion. Id., 346–47, 349–50; see also

*Continental Capital Corp.* v. *Lazarte*, supra, 57 Conn. App. 273 ("[l]aw days in a strict foreclosure cannot run if a motion to open is filed during the appeal period but is yet to be ruled on"). Stated otherwise, the timely filing of a motion to open, pursuant to Practice Book § 63-1, "activate[s] the automatic stay under [Practice Book § 61-11]" until that motion is decided; *Farmers & Mechanics Savings Bank* v. *Sullivan*, supra, 346; rendering "any redemption . . . violative of the automatic stay, and any title derived through such stated proceedings . . . subject to defeasance." (Internal quotation marks omitted.) Id., 349. Accordingly, it is well settled that, when a motion to open is timely filed within the twenty day appeal period following the court's judgment of strict foreclosure, any law day scheduled before the motion is decided has no effect, and the court retains jurisdiction to decide the motion. See id., 346–47, 349–50; see also *Continental Capital Corp.* v. *Lazarte*, supra, 273–74.

In the present case, although the matter before the court involves a timely motion to reargue/reconsider the trial court's denial of a motion to open and vacate the judgment of strict foreclosure, rather than a timely filed motion to open following the court's judgment of strict foreclosure, we conclude that the rule set forth in *Farmers & Mechanics Savings Bank* v. *Sullivan*, supra, 216 Conn. 341, governs our disposition of this appeal. Accordingly, for the reasons we will set forth, REI's timely filing of the motion to reargue/reconsider within the appellate stay period operated to extend that period until the parties received notice of the court's decision of that motion on July 5, 2019.

In determining whether REI's filing of the first motion to reargue/reconsider extended the appellate stay until the parties received notice of the court's denial of that motion, we turn to the rules of practice that govern the creation of new appeal periods under Practice Book § 63-1 and their relation to automatic stays of execution under Practice Book § 63-11.

Practice Book § 63-1 (a) provides in relevant part that, "[u]nless a different time period is provided by statute, an appeal must be filed within twenty days of the date notice of the judgment or decision is given. . . . If a motion is filed within the appeal period that might give rise to a new appeal period as provided in subsection (c) of this rule, the appeal may be filed either in the original appeal period, which continues to run, or in the new appeal period. . . ." Our Supreme Court previously has held that a trial court's denial of a motion to open is an appealable final judgment that gives rise to a twenty day appeal period following the resolution of that motion. See *Connecticut National Mortgage Co.* v. *Knudsen*, 323 Conn. 684, 687 n.8, 150 A.3d 675 (2016) ("[t]he denial of a motion to open a judgment of strict foreclosure is an appealable final judgment itself and

distinctly appealable from the underlying judgment"); see also Practice Book §§ 61-11 and 63-1.

Practice Book § 63-1 (c) (1) governs the creation of new appeal periods and provides in relevant part that, "[i]f a motion is filed within the appeal period that, if granted, would render the judgment, decision or acceptance of the verdict ineffective, either a new twenty day period or applicable statutory time period for filing the appeal shall begin on the day that notice of the ruling is given on the last such outstanding motion. . . . Motions that, if granted, would render a judgment, decision or acceptance of the verdict ineffective include, but are not limited to, motions that seek: *the opening or setting aside of the judgment* [and] . . . *reargument of the judgment or decision . . . .*" (Emphasis added.) This court previously has determined that the timely filing of a motion to reargue the denial of a motion to open gives rise to a new twenty day appeal period to challenge the denial of the motion to open for the purposes of § 63-1 (c) (1).[15] See *Gibbs* v. *Spinner*, 103 Conn. App. 502, 506 n.4, 930 A.2d 53 (2007); see also *Countrywide Home Loans Servicing, L.P.* v. *Peterson*, 171 Conn. App. 842, 845, 158 A.3d 405 (2017).

We find this court's decision in *Brooklyn Savings Bank* v. *Frimberger*, 29 Conn. App. 628, 617 A.2d 462 (1992), to be instructive in resolving the present appeal. In *Frimberger*, following the entry of a judgment of strict foreclosure, the defendant filed a motion to reopen the judgment and extend the law day. Id., 630. The trial court denied that motion, and the defendant appealed "well within the twenty day period from the issuance of the notice of the trial court's denial of the motion." Id. On appeal, this court concluded that the defendant's appeal was not moot. See id., 632. First, this court determined that the trial court's denial of the defendant's motion to open the judgment "resulted in the entry of an appealable final judgment invoking the automatic stay under [Practice Book (1978–97)] § 4046."[16] Id., 631. This court then concluded that "[*t*]*he stay remain*[*ed*] *in effect until the disposition of* [*the*] *appeal because the defendant's appeal was timely filed during the appeal period . . . .*" (Emphasis added.) Id.

In the present case, REI did not file an appeal within the twenty day appeal period following the court's denial of the first motion to open but, rather, filed the first motion to reargue/reconsider. It is well established, however, that "[a] motion filed within the appeal period automatically stays the judgment if an appeal from the judgment would do so." W. Horton & K. Bartschi, Connecticut Practice Series: Rules of Appellate Procedure (2020–2021 Ed.) § 61-11, p. 117, authors' comments (citing *Farmers & Mechanics Savings Bank* v. *Sullivan*, supra, 216 Conn. 349); see also *Weinstein* v. *Weinstein*, 275 Conn. 671, 699, 882 A.2d 53 (2005) ("the filing of a

motion [pursuant to Practice Book § 63-1] that seeks an alteration, rather than a clarification, of the judgment suspends the appeal period"); *Young* v. *Young*, 249 Conn. 482, 496, 733 A.2d 835 (1999) (interpreting Practice Book § 63-1 such that "the defendants' motion to reargue [pursuant to Practice Book § 11-11] suspended the . . . appeal period . . . until the . . . denial of that motion"). We conclude, therefore, that there is no meaningful distinction between REI's timely filing of the first motion to reargue the court's denial of the first motion to open in the present case, and the timely filing of a motion to open the judgment of strict foreclosure in *Farmers & Mechanics Savings Bank* v. *Sullivan*, supra, 346–50. Accordingly, we conclude that the rule set forth in *Sullivan* controls our disposition of the present appeal.

Applying the foregoing rationale to the unique facts of the present case, we conclude that the court erred in determining that it was without subject matter jurisdiction to hear the defendant's second motion to open. The court's denial of REI's first motion to open was "an appealable final judgment . . . from which an automatic twenty day [appellate] stay [arises]." *Countrywide Home Loans Servicing, L.P.* v. *Peterson*, supra, 171 Conn. App. 845; see also Practice Book §§ 61-11 (a) and 63-1 (a). In addition, REI's filing of the first motion to reargue was a motion that, if granted, could render the court's ruling on the first motion to open ineffective under Practice Book § 63-1. See *Young* v. *Young*, supra, 249 Conn. 494–96; *Atlantic St. Heritage Associates, LLC* v. *Bologna*, 204 Conn. App. 163, 170, 252 A.3d 881 (2021) (holding that both motions to reargue and motions to open were among motions that would "render . . . judgment ineffective pursuant to Practice Book § 63-1 (c) (1)"). It is undisputed that REI's filing of the first motion to reargue/reconsider on June 10, 2019, was timely filed within the twenty day period following the court's denial of the first motion to open.[17] As such, REI's timely filing of the motion to reargue triggered the automatic stay provision, pursuant to Practice Book § 61-11 (a), until the parties received notice of the court's denial of the first motion to reargue on July 5, 2019.[18] See *Farmers & Mechanics Savings Bank* v. *Sullivan*, supra, 216 Conn. 346–50; see also *Young* v. *Young*, supra, 494–96; Practice Book § 63-1 (b). Therefore, the June 24, 2019 law day passed during the appellate stay period and could not have had the legal effect of vesting absolute title in the plaintiff. See *Sovereign Bank* v. *Licata*, supra, 178 Conn. 91 n.11; *Continental Capital Corp.* v. *Lazarte*, supra, 57 Conn. App. 273–74. Accordingly, the court's determination that it did not have jurisdiction to hear the merits of the defendant's second motion to open the judgment of strict foreclosure was improper. "To hold otherwise would circumvent the automatic stay provisions established by our rules of practice." *Wells Fargo Bank of Minnesota, N.A.*

v. *Morgan*, supra, 98 Conn. App. 84.

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.[19]

In this opinion the other judges concurred.

[1] Although the plaintiff's complaint initially named REI Holdings, LLC (REI), and Wayne Francis as defendants, neither REI nor Francis appealed from the judgment of the trial court. We will refer to REI and Francis by name, whereas all references to the defendant are to Traditions Oil Group, LLC, only.

[2] The defendant also claims that the court abused its discretion in summarily denying the defendant's motion to reargue. Because we reverse the trial court's judgment on the basis of the defendant's claim that the court erred in concluding that it was without subject matter jurisdiction to hear the defendant's motion to open, we need not reach the merits of this claim. See, e.g., *Hendricks* v. *Haydu*, 160 Conn. App. 103, 105 n.1, 124 A.3d 554 (2015).

[3] Practice Book § 11-11 provides: "Any motions which would, pursuant to Section 63-1, delay the commencement of the appeal period, and any motions which, pursuant to Section 63-1, would toll the appeal period and cause it to begin again, shall be filed simultaneously insofar as such filing is possible, and shall be considered by the judge who rendered the underlying judgment or decision. The party filing any such motion shall set forth the judgment or decision which is the subject of the motion, the name of the judge who rendered it, the specific grounds upon which the party relies, and shall indicate on the bottom of the first page of the motion that such motion is a Section 11-11 motion. The foregoing applies to motions to reargue decisions that are final judgments for purposes of appeal, but shall not apply to motions under Sections 16-35, 17-2A and 11-12."

[4] The court did not assign a new law day following its denial of the first motion to reargue/reconsider.

[5] General Statutes § 49-15 (a) (1) provides that "[a]ny judgment foreclosing the title to real estate by strict foreclosure may, at the discretion of the court rendering the judgment, upon the written motion of any person having an interest in the judgment and for cause shown, be opened and modified, notwithstanding the limitation imposed by section 52-212a, upon such terms as to costs as the court deems reasonable, provided no such judgment shall be opened after the title has become absolute in any encumbrancer except as provided in subdivision (2) of this subsection."

[6] Practice Book § 63-1 provides in relevant part: "(a) General Provisions
"Unless a different time period is provided by statute, an appeal must be filed within twenty days of the date notice of the judgment or decision is given. The appeal period may be extended if permitted by Section 66-1 (a). If circumstances give rise to a new appeal period as provided in subsection (c) of this rule, such new period may be similarly extended as long as no extension of the original appeal period was obtained. If a motion is filed within the appeal period that might give rise to a new appeal period as provided in subsection (c) of this rule, the appeal may be filed either in the original appeal period, which continues to run, or in the new appeal period. . . .
"(c) New Appeal Period
"(1) How New Appeal Period is Created
"If a motion is filed within the appeal period that, if granted, would render the judgment, decision or acceptance of the verdict ineffective, either a new twenty day period or applicable statutory time period for filing the appeal shall begin on the day that notice of the ruling is given on the last such outstanding motion . . . . Motions that, if granted, would render a judgment, decision or acceptance of the verdict ineffective include, but are not limited to, motions that seek . . . *reargument of the judgment or decision* . . . ." (Emphasis added.)

[7] On January 28, 2021, the defendant filed a motion to correct a scrivener's error in the court's order, which incorrectly identified the movant as REI, rather than the defendant. The court vacated the initial order and issued a corrected order on February 16, 2021.

[8] To clarify the procedural posture in the present appeal, we note that the first motions to open and to reargue/reconsider each challenged the appraisal value set forth in the court's judgment of strict foreclosure. The second motions to open and to reargue/reconsider each contended that REI's filing of the first motion to reargue, which fell within the twenty day

appellate stay period following the court's denial of the first motion to open, operated to extend the appellate stay period until the parties received notice of the court's denial of the first motion to reargue on July 5, 2019.

[9] On December 10, 2021, this court ordered, sua sponte, that the parties file supplemental memoranda of law addressing the issue of whether REI's filing of the first motion to reargue/reconsider the trial court's order denying REI's motion to open and vacate the judgment and setting a new law day extended the automatic stay under Practice Book § 61-11 (a).

[10] Practice Book § 61-11 (a) provides: "Automatic Stay of Execution

"Except where otherwise provided by statute or other law, proceedings to enforce or carry out the judgment or order shall be automatically stayed until the time to file an appeal has expired. If an appeal is filed, such proceedings shall be stayed until the final determination of the cause. If the case goes to judgment on appeal, any stay thereafter shall be in accordance with Section 71-6 (motions for reconsideration), Section 84-3 (petitions for certification by the Connecticut Supreme Court), and Section 71-7 (petitions for certiorari by the United States Supreme Court)."

[11] Practice Book § 11-11 incorporates by reference "[a]ny motions which would, pursuant to Section 63-1, delay the commencement of the appeal period, and any motions which, pursuant to Section 63-1, would toll the appeal period and cause it to begin again," including, as stated in Practice Book § 63-1 (c) (1), "motions that seek . . . reargument of the judgment or decision . . . ."

[12] Practice Book § 63-1 (b) provides in relevant part that, "[i]f notice of the judgment or decision is given in open court, the appeal period shall begin on that day. If notice is given only by mail or by electronic delivery, the appeal period shall begin on the day that notice was sent to counsel of record by the clerk of the trial court. . . ."

In the present case, the parties were informed of the court's denial of the first motion to open via court notice on July 5, 2019.

[13] That general rule notwithstanding, we note "that trial courts possess inherent powers that support certain limited forms of continuing equitable authority . . . and that these powers can, in certain rare and exceptional cases, be exercised in a manner consistent with after the passage of the law days." (Citation omitted.) *U.S. Bank National Assn.* v. *Rothermel*, supra, 339 Conn. 376–77. Specifically, "§ 49-15 does not deprive the trial court of jurisdiction to open a judgment of foreclosure [after the passage of the law days] to correct an inadvertent omission in the foreclosure complaint." (Internal quotation marks omitted.) Id., 377. Likewise, a trial court possesses an "inherent, continuing, and equitable" authority, even after the passage of the law days, to open a judgment of strict foreclosure for the purpose of enforcing its previous judgment. Id., 378. These limited exceptions, however, are not at issue in the present appeal.

[14] Practice Book (1978–97) § 4009 provides in relevant part: "TIME TO APPEAL.

"The party appealing shall, within twenty days, except where a different period is provided by statute, from the issuance of notice of the rendition of the judgment or decision from which the appeal is taken file an appeal in the manner prescribed by Sec. 4012; but if within the appeal period any motion is filed which, if granted, would render the judgment or decision ineffective, as, for example, a motion to open the judgment or to set aside the verdict or for judgment notwithstanding the verdict, the period of time for filing an appeal shall commence from the issuance of notice of the decision upon the motion or the expiration of the time within which a remittitur is ordered filed. . . .

"The time for filing the appeal or for taking any of the steps necessary to prosecute or defend the appeal, as hereinafter provided, may be extended in accordance with the provisions of Sec. 4040."

In its order denying the defendant's second motion to reopen the judgment of strict foreclosure, the court concluded that "[t]he *Sullivan* court . . . relied upon the antiquated language of Practice Book [1978–97] § 4009, which stayed an appeal period until 'the issuance of notice of the decision upon the motion or the expiration of the time within which a remittitur is ordered filed . . . .' This section of the Practice Book regarding the time for an appeal has been amended and is now codified in Practice Book § 63-1, which no longer provides for a continuance of a stay, awaiting a decision on an intervening motion."

Although the court was correct in noting that Practice Book (1978–97) § 4009 has been amended and is now codified as Practice Book § 63-1, we conclude that the court erred in determining that motions filed pursuant to

Practice Book § 63-1 no longer trigger the automatic stay pursuant to Practice Book § 61-11 (a). As an initial matter, we note that the rule was rewritten "primarily for clarity" and to "resolve certain ambiguities" rather than to effect substantive changes in its operation. W. Horton & K. Bartschi, Connecticut Practice Series: Rules of Appellate Procedure (2020–2021 Ed.) § 63-1, historical note, p. 145. Moreover, our courts repeatedly have reestablished the principle that the timely filing of a motion to open pursuant to Practice Book § 63-1 stays the execution of the judgment of strict foreclosure until that motion is decided. See, e.g., *Deutsche Bank National Trust Co.* v. *Fraboni*, 182 Conn. App. 811, 830, 191 A.3d 247 (2018); see also *RAL Management, Inc.* v. *Valley View Associates*, 278 Conn. 672, 686, 899 A.2d 586 (2006).

[15] We note that this court has drawn a distinction between the creation of new appeal periods and the extension of preexisting appeal periods in situations where a party files a motion to reargue a trial court's denial of a motion to open. Practice Book § 63-1 (c) (1) provides in relevant part that "[m]otions that do not give rise to a new appeal period include those that seek . . . reargument of a motion listed in the previous paragraph [including motions that seek the opening or setting aside of the judgment]."

Despite the plain language of Practice Book § 63-1 (c) (1), this court in *Gibbs* v. *Spinner*, 103 Conn. App. 502, 506 n.4, 930 A.2d 53 (2007), held that the timely filing of a motion to reargue the denial of a motion to open the judgment gives rise to a new twenty day appeal period *to challenge the denial of the motion to open*. By contrast, the timely filing of such a motion does not *extend the appeal period to challenge the merits of the underlying judgment*. Id.; see also *Opoku* v. *Grant*, 63 Conn. App. 686, 693–94, 778 A.2d 981 (2001). Accordingly, REI's filing of the first motion to reargue/reconsider following the court's denial of the first motion to open would not operate to extend the twenty day appeal period following the court's judgment of strict foreclosure by which to challenge the merits of the judgment of strict foreclosure.

We conclude, however, that the timely filing of the first motion to reargue/reconsider extended the automatic stay period following the court's denial of the first motion to open, by which to challenge the court's denial of the motion to open, until the motion to reargue was decided. See *Young* v. *Young*, 249 Conn. 482, 496, 733 A.2d 835 (1999); see also *Brooklyn Savings Bank* v. *Frimberger*, 29 Conn. App. 628, 630–31, 617 A.2d 462 (1992). While we are bound by this court's holding in *Gibbs*, we also acknowledge that either clarification of Practice Book § 63-1 (c) (1) or review by our Supreme Court may be warranted.

[16] Practice Book (1978–97) § 4046 provides in relevant part that, "[i]n all actions, except where otherwise provided by statute or other law, proceedings to enforce or carry out the judgment shall be automatically stayed until the time to take an appeal has expired . . . ." Practice Book (1978–97) § 4046 has since been recodified as Practice Book § 61-11.

[17] The twentieth day following the court's denial of REI's motion to open was June 9, 2019, which fell on a Sunday. Because REI filed the motion to reargue/reconsider on June 10, 2019, the next business day, it is considered timely filed within the appeal period. See General Statutes § 51-347c.

[18] For clarity, we note that Practice Book § 61-11 (g) is not applicable to the present action. Section 61-11 (g) was enacted "to a put a stop to the 'perpetual motion machine' and accompanying appellate litigation generated when a defendant files serial motions to open a judgment of strict foreclosure and, each time a motion to open is denied, files a new appeal from the judgment denying the motion to open." (Footnote omitted.) *Connecticut National Mortgage Co.* v. *Knudsen*, supra, 323 Conn. 687.

Practice Book § 61-11 (g) provides in relevant part that, "[i]n any action for foreclosure in which the owner of the equity has filed, and the court has denied, *at least two prior motions to open or other similar motion, no automatic stay shall arise upon the court's denial of any subsequent contested motion by that party*, unless the party certifies under oath, in an affidavit accompanying the motion, that the motion was filed for good cause arising after the court's ruling on the party's most recent motion . . . ." (Emphasis added.)

Because the first motion to reargue/reconsider the court's denial of the first motion to open was only the second "motion to open or other similar motion" filed subsequent to the judgment of strict foreclosure, and because the court did not deny the motion to reargue/reconsider until July 5, 2019, Practice Book § 61-11 (g) does not apply. Accordingly, an appellate stay was in place until the court's denial of that motion on July 5, 2019. See *Farmers & Mechanics Savings Bank* v. *Sullivan*, supra, 216 Conn. 346–50.

[19] We reiterate that our decision is limited to the question of whether the trial court had subject matter jurisdiction to consider the second motion to open. We express no view on the merits of that motion, which is left to the sound discretion of the trial court. In exercising its discretion, the court may consider a number of factors, including the fact that the defendant never appealed from the original judgment of strict foreclosure, the court's order denying the first motion to open, and/or the court's order denying the first motion to reargue/reconsider.